CHARLES STILLMAN AND ANOTHER v. MANUEL TRAVINO CANALES.

THE SAME v. FRANCISCO FRAGOSA.

A vendor, who has covenanted to furnish his vendee with a complete chain of title, for each of several tracts of land, and that the vendee should not be held bound to pay for those portions of the land for which he might be unable to furnish such title, cannot be heard to say, that the vendee has not been injured by his failure to perform his undertaking; nor, that the title of his vendee, has become invulnerable by time, or been perfected in any other manner.

The sale of the land by the vendee, with or without warranty, is not a waiver of an express condition, upon the performance of which alone the vendor was entitled to claim the payment of the purchase money.

APPEALS from Cameron. Tried below before the Hon. E. J. Davis.

These suits were brought by the appellees, to recover from the appellants, the balance which they respectively claimed was due them by the appellants, for the purchase money of certain parcels or labors of land, forming a part of the " exidos " of the city of Matamoros, and now within the city of Brownsville.

By consent a jury was waived, and each of the causes was tried by the judge, who gave judgments in favor of the plaintiffs. The other facts, (which are the same in both cases, except in respect to the number of labors purchased, and the price given for them,) will be sufficiently apparent from the opinion.

*Allen & Hale*, for appellants.

*Daniel D. Atchison*, for appellees.

BELL, J.—The appellee, Manuel Travino Canales, sold to the appellants six labors of land, forming a part of the "exidos" of the city of Matamoros. A part of the purchase money was paid in cash at the time of the sale, and it was stipulated that the balance should be paid in three installments.

In one part of the indenture by which the sale and the agreement of the parties is evidenced, it is said, that Manuel Travino Canales covenants, &c., "that he is now well and lawfully seized of all and each of the said granted tracts or labors of land by regular chain or transfers of title from the honorable ayuntamiento of the city of Matamoros, all of which transfers are hereby passed and made a part of this conveyance." In another part of the indenture the appellee covenanted "to cause to be done, made, executed and performed all and every act or acts and conveyance or transfers of title which may be necessary in form or essence fully to perfect and assure to the said Stillman, Belden and Mussina, their heirs and assigns, a perfect title of and to the said described lands from the original grantees of the honorable ayuntamiento of Matamoros." In another part of the indenture the following language occurs : "It is further covenanted and agreed by the said Manuel Travino Canales, that in case of failure on his part or his legal representatives to produce, furnish and assure to the said parties of the second part, their heirs or legal representatives, perfect and complete transfers of title to all and each of said labors herein before described, then in that event the said parties of the second part may deduct from the payments herein conditioned by them to be made, such sum or sums as may be the equal proportion and relative value of the said parcels or parts of parcels of land so failed to be conveyed and titles perfected, as compared with the whole of six tracts conveyed." It is shown by the evidence that the vendor, Manuel Travino Canales, failed to deliver to the purchasers, Stillman, Belden and Mussina, any paper title of any kind, from the ayuntamiento of Matamoros to

two of the six labors of land described in the indenture; and it is shown that these two labors, to which no paper title from the ayuntamiento was delivered to the appellants, were of as great or greater value than the other four.  The district judge who tried the cause, and to whom it was submitted by the parties without the intervention of a jury, was of opinion that the true meaning of the covenants contained in the indenture, taken together, was that the vendor would procure and deliver to the vendees such paper title from the ayuntamiento of Matamoros as it had been customary for the ayuntamiento to extend to persons who were permitted to occupy lands forming a part of the " exidos " of the city.  But the judge was further of opinion that the appellants had waived the right to insist upon the delivery to them by their vendor, of such paper title, as a condition precedent to the payment of the purchase money, because they afterwards sold the lands to other persons, without any warranty of title except as against persons claiming under themselves; and the judge held that the appellants were not entitled, because of such waiver, to any abatement of the purchase money, because a perfect chain of title to the labors formerly occupied by Onofre Rebalcaba and Catarina Vela, had not been furnished to them.  The judge below also expressed the opinion that it would be unconscionable to permit the appellants to abate a portion of the purchase money, after they had sold the land at a greatly advanced price, and when they had suffered no damage because of the failure of their vendor to furnish the title papers according to the stipulation of the indenture.

We are of opinion that the court below erred in this view of the case.  The district judge attached importance to the fact that the appellants had sold the land without full warranty of title, and intimates that his opinion might have been different, if the sale by the appellants had been a sale with full warranty of title. Let us suppose that the appellants had not sold the land, but had continued to occupy it as the owners; could they not have resisted the collection of the purchase money until their vendor had complied with his undertaking to furnish title papers?  And in the event of the inability of their vendor to furnish the title papers,

would they have been under any obligation to return to him those portions of the land to which the titles were not furnished? We think it would be as unconscionable in them to retain the land without paying for it, as it would be to sell it and put the proceeds of the sale in their pockets, and still resist the collection of the purchase money. We are of opinion that the plain meaning of the covenants in the deed is, that the vendor bound himself to furnish a complete chain of title from the ayuntamiento of Matamoros down through himself to the vendees, and that if he failed to do so the vendees were not to be held bound to pay for those portions of the land to which the vendor might be unable to furnish a complete chain of title. It is not for the court to undertake to say what motives influenced the appellants in stipulating that the title papers should be furnished to them. Their objects in making the purchase may have been such as rendered the delivery of the title papers to them, a matter of the first importance. There is nothing in the testimony to show that they were not paying, or agreeing to pay, for the title papers as well as for the land and the possession of it. It is not shown that they have not already paid as much as the land was worth at the time of the purchase from the appellee. But these are considerations with which the courts need not concern themselves. Parties have the right to make their own contracts, and it is the proper business of the courts to give effect to them, without enquiring whether they are favorable to this party or to that. The appellee having stipulated, in the most express terms, to furnish the title papers, he cannot be heard to say that his vendees have not been injured by his failure to deliver them; nor can he be heard to say that the title of his vendees has become invulnerable by lapse of time, or been perfected in any other manner. The plain answer to all such reasons why his vendees should be compelled to pay the purchase money is, that they undertook to pay when he furnished certain title papers, and that he has not performed his undertaking. We have been able to find no case which goes to the extent of holding that a sale by a vendee (in a case like the present) with or without warranty, is a waiver of an express condition upon the performance

of which alone, the vendor was entitled to claim the payment of the purchase money.

The evidence, which was introduced without objection, shows that the vendor admitted to the agent of the vendees, that he was under obligation, by the terms of the indenture, to furnish other muniments of title than those that had been furnished; and he stated that the titles from the ayuntamiento of Matamoros to the labors which had been occupied by Rebalcaba and by Catarina Vela, were in existence and he could procure them.

We are of opinion that by the terms of the indenture between the parties, the appellee was not entitled to demand payment of the purchase money of those portions of the six labors to which he had failed to furnish a complete chain of title. The judgment of the court below must therefore be reversed and the cause remanded for a new trial.

Ordered accordingly.

Reversed and remanded.