CHARLES STILLMAN v. MANUEL TREVINO CANALES.

1. A covenant in an executory contract for the sale of lands as follows : "It is, however, distinctly understood that said Canales grants and conveys herein to the said parties of the second part the before described lands only to the extent of the interest by the Hon. Ayuntamiento passed or granted," does not call for *paper titles*, but only such title as was granted by the Ayuntamiento, which may have been by parol.
2. A plea impeaching in part the consideration of an obligation to convey land should show and point out the particular part to which title has failed, and its proportional value.
3. The necessary affidavit to a plea impeaching the consideration of a contract, if made by an attorney, should be made upon his knowledge of the facts ; or if from information, must state from whom he derives his knowledge, and he must state the plea to be true.

APPEAL from Cameron. Tried below before the Hon. Wm. H. Russell.

Canales originally brought his suit against the defendants, Stillman, Belden & Mussina, but by the non-residence of Mussina and the death of Belden, and the cause of action surviving against the defendant Stillman, he, by these circumstances, was left as the sole defendant.

The cause of action was a contract signed by the defendants on the thirtieth of January, 1849, for the sum of three thousand two hundred dollars ($3200), payable to the plaintiff in three installments, at six, twelve and eighteen months from date, in consideration of six certain labors of land lying within the limits of the city of Brownsville, sold and delivered by the plaintiff to

the defendants; and in the contract were the following covenants:

"And the said Manuel Trevino Canales, for himself, his heirs and legal representatives, doth covenant with said Stillman, Belden and Mussina and their heirs and legal representatives, that he, the said Trevino *alias* Canales, is now well and lawfully seized of all and each of the said granted tracts or labors of land by regular chain or transfer of title from the Hon. Ayuntamiento of the city of Matamoros, all of which tranfers are hereby passed and made a part of this conveyance; and the said Canales further covenants, for himself, his heirs and legal representatives, to warrant and defend unto the said Stillman, Belden and Mussina, their heirs and legal representatives, all and singular the said granted premises, with all the rights appurtenant thereto, against the claim or claims of all persons claiming under, through or by him; and the said Canales further covenants, for himself, his heirs and legal representatives, to make, execute and perform, or cause to be done, made, executed and performed, all and every act or acts and conveyance or transfer of title which may be necessary in form or essence fully to perfect and insure to the said Stillman, Belden and Mussina, their heirs and assigns, a perfect title of and to the said described lands from the original grantees of the Hon. Ayuntamiento of Matamoros. It is, however, distinctly understood that the said Canales grants and conveys herein to the said parties of the second part the before described lands only to the extent of the interest by the Hon. Ayuntamiento passed or granted."

The original petition was filed in 1850. In pursuance of an agreement of the parties, filed May 10, 1853, plaintiff filed an amended petition November 4, 1853, and the defendant an amended answer December 2, 1853, and the case was finally tried on these pleadings, which re-

sulted in judgment for the plaintiff, from which defendant appealed to this court, when the judgment was reversed and the cause remanded. (See 25 Texas, 313.)

The answer of the defendant set up, that the plaintiff in the covenant sued on had agreed to furnish certain title papers to some labors of land, which he had neglected to do, and that by that means defendant had suffered damages, etc., and that until such title papers were so furnished, he had no right to sue for the balance due on the said covenant.

After pleading certain payments, it was alleged that there remained a balance of $1183.34 unpaid, "which said sum defendants are willing and ever have been willing to pay to said plaintiff when he complies with his covenants in the said deed contained.

"They further say that plaintiff covenanted in said indenture, that he was lawfully seized of all and each of the said granted tracts or labors, by the regular chain or transfer of title from the Hon. Ayuntamiento of the city of Matamoros; and it was further covenanted, that in case of failure on the part of the plaintiff to produce, furnish and assure to defendants perfect and complete transfer of title to all and each of said labors, then defendants might deduct from the payments by them to be made such sum as may be the proportional and relative value of the parcels so failed to be conveyed as compared with the whole six tracts conveyed. That they have often demanded of plaintiff a compliance and a performance of the conditions and covenants in said conveyance contained, and that he fails and refuses to comply with his said promises; that plaintiff has not furnished to them perfect and complete transfers and title papers to the labor or tract granted to plaintiff by said Ayuntamiento; that he has totally failed to furnish and deliver to defendants any title papers whatever, or transfers of land; * * * that

the said Manuel Trevino Canales labor is worth only one-sixth as much as the other remaining tracts aforesaid, when their relative value is taken into the account. Whereby and in consequence of said acts of plaintiff, defendants have suffered damages in the amount of three thousand four hundred dollars." &ast; &ast; &ast; &ast;

The plaintiff, on April 21, 1851, had filed exceptions to the sufficiency of the defendant's answer in alleging a non-fulfillment of covenant on the part of the petitioners to perfect and complete the title to the lands in the petition described in bar of the plaintiff's right to recover as prayed ; because, for such plea to avail the defendants, they must disavow all claim to the land in question or so much thereof as title, by reason of such non-fulfillment, is alleged to be defective, and must, in and by their plea in such behalf, offer to return to the plaintiff such land, or so much thereof as by said defendant is disavowed to be of good and sufficient title to them under said covenant, which exception was again raised August 9, 1871.

The plaintiff also excepted to the plea of the failure of consideration by the defendants on the grounds, (1) Because the particular lacking titles are not specified, and (2) Because the said plea is not sworn to as required by law.

To meet this exception the defendant's attorney made an affidavit designed to take the place of a jurat to the plea of failure of consideration, and which, on motion of plaintiff, was struck out as insufficient. The affidavit is as follows :

"Personally appeared before me, the undersigned authority, T. E. Macmanus, attorney for defendant, Charles Stillman, who, being by me duly sworn, according to law, says that the answer of defendants herein filed, in so far as the same sets forth that the said plaintiff, Manuel T. Canales, failed and refused to comply with the

covenants in the deed sued upon, is true, according to the information and belief of affiant, in this, that he did not furnish, produce and assure to the said defendants perfect and complete transfers of title to all and each of the said labors in the said deed described, and as therein covenanted to be furnished, produced and assured to said defendant; and affiant declares that the said plaintiff did fail and refuse to comply with the said covenants in the manner herein set forth, as affiant verily believes.

" T. E. MACMANUS.

"Affirmed to and subscribed before me, this tenth day of August, 1871.        "R. B. FOSTER, Clerk;" etc.

The court sustained the plaintiff's exception to the defendant's plea of failure of consideration, and struck out so much of defendant's answer as embraced such plea.

The defendant then interposed a demurrer or exception to the plaintiff's petition, preceding the answer of general denial, alleging the petition insufficient, in not setting up that plaintiff had furnished perfect and complete transfers to all and each of said labors, in said covenant stated; and because plaintiff had failed and refused to furnish such perfect and complete transfers, except as to only one of said labors, and because said petition is in other respects uncertain, informal and insufficient.

The exception was overruled, and thereupon the cause was tried August 10, 1871, upon the pleadings thus modified, and resulted in a verdict and judgment for the plaintiff.

The defendant appealed.

*Robards & Blackburn*, for appellant. — A plea impeaching the consideration must in some way call in question the validity of the contract; and whilst there appears to be, there is, in reality, no legal valuable

consideration. The defendant does not deny that he is in possession, or that he has received a full and adequate consideration for the money he has paid to the plaintiff according to the terms of the contract. He simply says that according to stipulations contained in the contract, certain title papers were to be furnished that have never been delivered, and under said contract he was authorized to withhold the balance to be paid until those papers were delivered.

This is not impeaching the consideration. "Where the contract for purchase is *in fieri*, if it should appear that the title to the land is in any wise doubtful, the vendee will not be held to pay the purchase money, unless it should appear that he so expressly agreed." (Cooper v. Singleton, 19 Texas, 265.)

The court evidently took the defendant's plea of non-compliance as one impeaching the consideration. We repeat that a plea to impeach, *i. e.* set at naught, the consideration of a sealed instrument, must, in some way, call in question the validity of the contract. The following authorities indirectly support this proposition: Lemmon v. Hanley, 28 Texas, 222, 223, 224; Cooper v. Singleton, 19 Texas, 265, 266; Brock v. Southwick, 10 Texas, 68, 69.

Defendants nowhere allege that plaintiff had no title, or that there is a better outstanding title, or that they are or were in danger of eviction, or that they were at the time of the sale or have since discovered that they were in any way deceived as to the consideration. In fact, they do not call it in question, or deny that they retained value received. They do not ask to be put in quiet and peaceable possession, but that he prove himself as covenanted, "well and truly seized," and perform his covenants by giving to them the original title papers.

Dismissal of one defendant served in a joint contract abates the suit. (10 Texas, 338.)

This case has been decided by this court once before. (Stillman v. Canales, 25 Texas, 313.) The court say:

"We are of opinion that the plain meaning of the covenant in the deed is that the vendor bound himself to furnish a complete chain of title;   *   *   *   and if he failed to do so the vendees were not bound to pay for those portions of the land to which the vendor might be unable to furnish a complete chain of title. It is not for the court to undertake to say what motives influenced the appellants in stipulating that the title papers should be furnished to them. Their object in making the purchase may have been such as render the delivery of the title papers to them a matter of the first importance.   *   *   *   "It is not shown that they have not already paid as much as the land was worth at the time of the purchase from the appellee."

Neither is there any such showing in this case.

It is true the same points precisely are not now raised, but the errors in this record are far more glaring.

As a principle of law, well settled by elementary authority, the appellants were authorized to retain a reasonable proportion of the purchase money agreed to be paid, as a compensation for the failure on the part of the appellee to perfect the title to all the land agreed to be conveyed ; and that is true, not only in equity, but in law, in cases of executory contracts (Story's Eq. Jur., Sec. 779 ; York v. Gregg, 9 Texas, 94), but also in law in contracts executed by deed from the vendor to the vendee in cases either where there are no covenants of warranty, and the vendee has been misled by false representations as to title, or where there are covenants of warranty, but before trial the covenant has been in fact broken. (Rawles on Covenants, pp. 630, 729.) And in this State and others, where there is a blended system of law and equity, the vendee can claim a reduction of the purchase

money on account of failure in title, whether the contract be executory or executed, if he has not received what he bargained for. (Smith v. Clopton, 4 Texas, 115 ; Perry v. Rice, 10 Texas, 372 ; Gans v. Renshaw, 2 Barr's R., 34 ; and see for general doctrine Withers v. Green, 9 Howard, 213.)

The mere fact of the possession being held by defendants affords no presumption of a waiver of the covenants for title. (Burroughs v. Oakley, 3 Swanston, 159 ; Duncan v. Cafe, 2 M. & W., 244 ; Smith v. Clopton, 4 Texas, 116 ; Jones v. Taylor, 7 Texas, 244.)

And the vendees being in possession in accordance with the understanding of the parties, are not bound to tender back or give up their possession when they ask an abatement of the purchase money. (Gans v. Shaw, 3 Barr, 34, and cases there cited.)

*Powers & Maxan*, for appellee.

WALKER, J.—We should feel justified in affirming the judgment in this case without an opinion but that learned counsel, with much apparent candor and earnestness, contend against the correctness of the judgment, and their argument demands respectful notice.

The action was brought in the District Court on the covenant of the defendants to pay to the plaintiff the sum of $3200, the consideration for six certain labors of land lying within the city limits of Brownsville.

There is certainly a misunderstanding on the part of appellant's counsel of the nature and character of the covenant. They insist that the plaintiff was bound to make *paper transfers* or *titles* to complete the chain of title from the Ayuntamiento of Matamoros. The passage in the covenant to which this question is referable reads thus : "It is, however, distinctly understood that said Canales grants and conveys herein to the said parties of

the second part the before-described lands only to the extent of the interest by the Hon. Ayuntamiento passed or granted." This covenant does not call for paper titles, but is only a covenant to secure to the defendants that title which the Ayuntamiento of Matamoros granted to any of the holders of the labors.

This case has been decided by this court, and is reported in 25 Texas, 313; but it must evidently have been presented to the court under a different state of facts and pleadings, else it is in direct conflict with a case of Strother v. Lucas, 12 Peters, pp. 436, 447, 449, in which case the doctrine of titles in the Spanish-American countries is ably discussed and clearly laid down.

The pleadings in this case would not warrant us in following the opinion as reported in 25 Texas, 313. The answers are indefinite and do not present the issue insisted on by appellant's counsel. They do not allege an ouster; they do not say their title has failed, or that the plaintiff has failed, strictly speaking, to comply with his covenant; they attempt to set up a part failure of consideration, but do not point out the particular labor or labors to which the plaintiff has failed to make them such title as he was bound to make, nor do they allege the value of such portion of the land, thereby showing to what extent they might be entitled to a reduction upon their covenant to pay $3200. It was, perhaps, the purpose of the pleader to aver a partial failure of consideration. This plea, then, should have been sworn to. There is an affidavit made by the defendant's attorney intended to authenticate the plea, but it is insufficient; if it were competent for the attorney to make the affidavit under the statute for his client, it must be definite, and he must speak from a knowledge of the facts, if within his own knowledge, or must state how he derives his knowledge, and he must aver the truth of the same.

We perceive no error in this case of sufficient material-ity to warrant a reversal of the judgment, and it is there-fore affirmed.

AFFIRMED.

*W. A. Blackburn,* for appellant, filed an elaborate ar-gument upon the facts supporting a motion for rehearing.

WALKER, J., *on rehearing.*—The motion for rehearing in this case is ably urged. Our former opinion affirmed the judgment of the District Court; and being now unable to see the case in the light it is presented in the brief of appellant's counsel, we affirm our former opinion.