| 60 | 191 |
| 76 | 511 |

---

## J. R. PUGH v. MILTON MAYS.

(Case No. 4245.)

1. CONSTRUCTION OF DEEDS.— Every part of a deed should be given effect to, if this can be done; but if it evidence conflicting intentions on its face, the object of the grant being considered, effect shall be given to what may appear to be the controlling intention of the grantor.

2. SAME.— Upon an interchange of lands, each deed contained a stipulation that if the grantee was ousted from possession the deed should be of no effect, and he should have the right to re-enter, possess and own the land given in exchange; but each deed also contained a covenant of general warranty. *Held*,

   (1) The party ousted of his possession by one having superior title had the right to elect whether he would re-enter or rely on his warranty.

   (2) This right of re-entry existed as against a purchaser of the land given in exchange, for the law charged him with notice.

   (3) The warranty worked no estoppel.

APPEAL from Brown. Tried below before the Hon. A. R. Colman, special judge.

Pugh brought this action of trespass to try title against Wren and Lee. On the 30th day of August, 1878, Pugh and Lee exchanged lands, each executing to the other his deed, containing stipulations as follows: "And it is agreed and understood that if

said J. R. Pugh, his heirs and assigns, should be ousted from possession of said land, above described, then this deed and everything contained in it shall be utterly void and of none effect, and then and thenceforth it shall be lawful for the party or parties so ousted or evicted, *title*, his or their said former messuage or tenements and premises, with all and singular the appurtenances, to retain, and the same to have, repossess and enjoy as his or their former estate, anything herein to the contrary." The stipulations were alike in the two deeds, except the names of the grantor and grantee were reversed. The covenant of general warranty was given after the above stipulation in said deeds. Both deeds bore date August 30, 1878, and filed for record same day. One Henry Urquhart filed suit in the United States circuit court, at Austin, on the 29th day of August, 1878, against Lee and Gilliland, to recover a tract of land including that conveyed by Lee to Pugh. This suit resulted in a judgment against Lee and Gilliland for the land on the 10th day of January, 1879, under which Pugh was evicted by the United States marshal on the 29th day of September, 1879.

On the 9th day of August, 1879, Lee conveyed to Mays, by warranty deed, the land conveyed to him by Pugh.

Mays intervened in this suit, after Lee and Wren had filed disclaimer, and in his answer set up his purchase from Lee, and asserted Pugh's covenant of warranty as an estoppel, and asserted title by virtue thereof, by way of reconvention.

The case was tried without a jury, and judgment rendered for Mays for the land, from which this appeal was taken.

*G. I. Goodwin*, for appellant.

WATTS, J. COM. APP.—There seems to be no doubt that the real transaction between Pugh and Lee was that of an exchange of lands. If not technically such by reason of the nature of the transaction, it was substantially made such by virtue of the stipulations in their respective deeds. These stipulations are to the effect that if the grantee is ousted or evicted from the land conveyed to him, that then his deed to the grantor is to be considered as utterly null and void, and he has the right of re-entry. Standing alone these stipulations admit of no doubt as to their effect or meaning. But the doubt arises from the fact that in the respective deeds of the parties there is superadded a clause of general warranty. That clause was successfully asserted against Pugh in the court below as an estoppel.

The general rule for construing deeds is that announced in Han-

cock v. Butler, 21 Tex., 804, as elementary, and applicable alike to written instruments generally, and that is, every part of a deed should be harmonized and given effect to, if this can be done; but if it is found that there is in the instrument inherent conflict of intentions, then the main intention, the object of the grant being considered, shall have controlling influence.

In discussing the effect of the covenant of warranty in connection with the nature of the transaction and terms of the deed, Mr. Washburn in his work on real property, vol. 3, p. 475, says: "So the extent of the covenant of warranty is often limited and defined by the subject matter of the grant."

In Grimes and Wife v. Redmon, 14 B. Mon. (Ky.), 234, which was an exchange of land, the parties had added, immediately following the clause of general warranty, in their respective deeds, the following: "And it is moreover expressly agreed and understood by the parties hereto, that if the land hereby conveyed, or any part thereof, should be lost by any prior or better claim, that then, and in that case, the land given in exchange for that which is hereby conveyed shall be returned and reconveyed to the said grantor, or so much thereof as will compensate said loss, quantity for quantity."

There the court held that according to the law applicable to an exchange of land, independently of the express contract, either party had a right, in case of eviction or ouster from the land received, to re-enter upon the land given, and that such re-entry gave title. It was also held that in such case the party was not estopped on account of the warranty. The court said: "But the question here is not whether Bates had a legal right of entry upon being evicted, but whether he was any longer bound to warrant the land given in exchange, and we are of the opinion that, whether the eviction gave him a legal right of entry upon the land conveyed to Smeltzer or not, it extinguished his obligation to warrant that land against other claims, and relieved him from any estoppel growing out of his warranty."

In the case before us, the deeds of the parties to the exchange must be taken and considered together, for they are parts of the same transaction, which, taken together, evidences the contract of the parties. Thus considered, it seems to result that, from the stipulations contained in their respective deeds, as to the right of re-entry in case of the ouster of one or the other of the parties, it was their paramount and controlling intention that these stipulations, independently of the law applicable to an exchange of land, should so far restrain all the other stipulations in the respective

deeds as to give the ousted party the right to elect whether he would re-enter upon the land that he had conveyed, or whether he would rely upon the other party's warranty.

His election, as here, to re-enter certainly would not constitute a breach of the warranty contained in his deed. But from the nature of the transaction and the stipulations in the respective deeds, an election by the ousted party to re-enter would have the effect of nullifying the warranty contained in his deed to the other. This seems clearly to be the result as between the original parties to the deeds; and in this respect Mays could not occupy any better position than his vendor, Lee. Mays bought with notice of these stipulations; in fact the law charges him with such notice. Peters v. Clements, 46 Tex., 114; Willis v. Gay, 48 Tex., 463.

In our opinion, Pugh was not estopped from recovering the land conveyed by him to Lee, on account of his warranty; and that the court erred in rendering judgment in favor of Mays for the land. We conclude, and so report, that the judgment of the court below ought to be reversed, and that the supreme court should here render the judgment that ought to have been rendered by the court below, to wit, that appellant J. R. Pugh do have and recover of and from Milton Mays, appellee, the land described in the petition, and that he have his writ of possession, and also recover all costs in this case incurred.

REVERSED AND RENDERED.

[Opinion adopted October 19, 1883.]