## S. R. JEFFERY v. G. A. GRAHAM.

### (Case No. 4154.)

1. DEED ON CONDITION SUBSEQUENT.— If from a deed it is apparent that the grantor intended to convey an estate defeasible on the happening of condition, which he might lawfully annex to the grant, and this intention is clear from the language used, the form or connection in the deed in which that intention is expressed will not be material; the estate conveyed will be construed as conveyed on a condition subsequent.

2. SAME.— A deed which, after the *habendum* clause, provided that one of the considerations of the grant was that no liquor should be sold on the premises, and that, if liquor was sold, the deed should be null and void, and the land should absolutely revert to the grantor, was a deed conveying an estate on a condition subsequent.

APPEAL from Young. Tried below before the Hon. J. R. Flemming.

This was a suit brought by G. A. Graham against S. R. Jeffery to declare forfeited the conditions of defeasance declared in a deed made by the plaintiff to the defendant to a certain lot in the town of Graham, and for a decree divesting the title thereby conveyed to the defendant, and reinvesting the plaintiff therewith.

The defendant excepted to the sufficiency of the petition, and the exceptions were overruled. The cause was submitted to the judge without a jury. Judgment was rendered for the plaintiff, from which judgment the defendant appealed, and assigned errors. The deed was in consideration of $250, and the further considerations herein mentioned. This clause was inserted after the *habendum* clause: "The further considerations are that no log or picket house shall be erected on the front of said lot; nor shall gambling or the giving away or selling of spirituous liquors be done or permitted about or on said premises before nor until said town is legally incorporated and has its municipal officers; and in case of any violation of said last mentioned considerations, then this deed shall be null and void, and said premises shall absolutely revert to said Graham." It was shown that Jeffery had been engaged in selling whisky on the lot.

*Lanham & Roach*, for appellant, cited: 4 Kent, 550; 2 Black. Com., p. 298; Michell *v.* Levitt, 30 Conn., 587; Barksdale *v.* Elvin, 30 Miss., 694; 2 Parsons on Con., p. 747.

No briefs on file for appellee.

WALKER, P. J. COM. APP.— The court did not err in overruling the defendant's exceptions to the petition, nor in rendering judgment on the merits of the case under the evidence for the plaintiff.

The estate conveyed by the deed was on a condition subsequent. The form or connection in which the condition is made to appear in the deed is not material, if from the instrument it appears that the intention of the grantor as expressed in it was to convey an estate defeasible on the happening of a condition which he might lawfully annex to the grant of the title. The conditions which

were prescribed were lawful and were not against public policy, and annexed to their non-fulfilment was the express declaration that the deed of conveyance should be null and void, and that the premises conveyed should absolutely revert to the grantor.

Although conditions subsequent in conveyances of land are not viewed with favor, yet where the condition is in its nature executory, it is to be distinguished, in regard to its absoluteness and effect, from those limitations or conditions in a deed which merely stipulate for the doing or not doing of specified things by the grantee for the breach of which no forfeiture of the estate ensues, and the grantor is left to pursue his remedy for it in an action for damages caused thereby.

" If one makes a feoffment in fee, that the feoffor shall do or not do such an act, these words do not make the estate conditional, but it is absolute notwithstanding. . . . So if the supposed condition of an executed grant amounts to an agreement on the part of the grantee to do certain things, it will not be held to defeat the estate if he fails to perform. In order that the condition in such case should defeat the estate, the grant must be in its nature executory." 2 Wash. on Real Prop., 6.

The grantor, in this case, in making this contract with the defendant, had in contemplation the advancement and settlement of a new town, in which other lots or parcels of land owned by him were to be affected in value and salability by the character of improvements made upon, and the manner of use to be made of, the lot sold to the defendant, and such considerations, it may be supposed, entered into the consideration of the transaction in question; and in that sense it may be deemed that the grant made to the defendant was in its nature executory.

We are of opinion that there was no error, and the judgment ought to be affirmed.

AFFIRMED.

[Opinion adopted April 29, 1884.]