## B. F. CARPENTER AND WIFE V. H. W. GRABER ET AL.

### (Case No. 5614.)

1. DEED—CONDITION—FORFEITURE—CONSTRUCTION—A deed stipulated that the land conveyed by it should be used "for the purpose of a street only; and in case the same shall be used for any other purpose this deed shall be null and void, and the title to said premises shall revert to" the grantors. It imposed the same condition upon any assignee of the grantee. *Held*, A forfeiture would have resulted if the grantee or its assignee had let or used the premises for other than the stipulated use, or had-unreasonably delayed in stopping a use not consented to by it and prohibited by the deed.
2. SAME—FACTS—See opinion for facts under which this court could not hold as excessive a delay of ten months by the owner of the land before stopping such a prohibited use by a trespasser.

APPEAL from Ellis. Tried below before the Hon. Geo. N. Aldredge. The opinion states the case.

*A. A. Kemble*, for appellants.

*G. C. Groce*, for appellee, cited: Merrifield *v.* Cobleigh, 4 Cush., 184; 41 Am. Rep., 367; Dillon on Mun. Corp., 2d ed., 533.

ROBERTSON, ASSOCIATE JUSTICE.—The land in controversy was conveyed by the plaintiffs to the Waxahachie Tap Railroad Company upon a condition expressed in the *habendum* and *tenendum* clause, as follows: "To have and to hold the above described premises, together with all and singular the rights and appurtenances thereto in anywise belonging unto the Waxahachie Tap Railroad Company and their assigns forever, for the purpose of a street only, and in case the same shall be used for any other purpose, this deed shall be null and void, and the title to the premises shall revert to us."

The railroad company conveyed to the town of Waxahachie "to have and to hold for the express purpose of a street or public highway to connect Dallas and College streets." The deed from the plaintiffs to the railroad company expressly authorized and contemplated a conveyance by the latter, but imposed upon the title of the assigns of the railroad company the condition expressed in the plaintiffs' original deed. Some three years after the town had acquired the plaintiffs' title, the Texas Central Railroad Company, which never had any interest in the land in controversy, made a lease of the premises to Graber & Brown. The lessees erected a building and obstructed the street from February to December, 1884. After the commencement of this suit the nuisance was abated.

The plaintiffs contend that under their contract this was a use of the property for other than street purposes, and that the estate conveyed by them was forfeited by the terms of their deed. The use complained of was certainly prohibited. So would have been a night's obstruction of the street by the camp of a company of farmers. The unlawful use was without the consent of the assignee of the plaintiffs' vendee. It could not have been intended that any transitory nuisance on the granted highway would work a forfeiture. The plaintiffs were not required to give notice of any breach of the condition, but a fair intepretation of the clause would be that a forfeiture would result if the holder of the conveyed estate itself let or used the premises for other than the stipulated use, or if it can be extended at all to uses not consented to by the holder of the estate, making its title depend upon matters not in its control, the title would revert, if the holder of the title did not stop the prohibited use in a reasonable time. The plaintiffs could have framed the condition so as to entitle them to the remedy now asserted, but was this the purpose of the clause in their deed, is the question. We think the clause was not meant to provide a forfeiture of the estate, unless the holder of it unreasonably delayed in stopping a use not consented to by it and prohibited by the plaintiffs' deed.

The question then arises whether the town of Waxahachie, the holder of the title conveyed by plaintiffs, acted in a reasonable time. This is a question of fact. What would be a reasonable time would depend upon the importance of the street, and the degree of inconvenience resulting from the nuisance upon it. If the way was much frequented the obstruction would be discovered earlier than if the route was remote, obscure or little used. And the diligence proper in abating the nuisance would depend upon like considerations. In this connection it is to be noted that the plaintiffs' immediate vendee could remove obstructions or abate nuisances only by regular suit, and that such suit could not probably be ended in twelve months.

From February to December was full time, but we are not prepared to reverse the conclusion of the district court that it was not excessive. Graber & Brown were trespassers. They occupied the ground without authority and in violation of law. As soon as attention was called to the situation by this suit, the nuisance was abated, and the way was cleared. The judgment is affirmed.

AFFIRMED.

[Opinion delivered June 22, 1886.]