WACO DEVELOPMENT CO. v. McNEESE.
(No. 5851.) *

(Court of Civil Appeals of Texas. Austin.
Feb. 13, 1918. Rehearing Denied
March 20, 1918.)

1. DEEDS ⨂155 — CONSTRUCTION — CONDITIONS SUBSEQUENT.

Conditions subsequent are not favored in law.

2. DEEDS ⨂155—CONDITIONS SUBSEQUENT—NONCOMPLIANCE.

Recovery may be had upon noncompliance with conditions subsequent, where right to such recovery is clearly reserved in the deed or appears from necessary intendment.

3. VENDOR AND PURCHASER ⨂257—EXECUTORY CONTRACT—RESERVATION OF VENDOR'S LIEN.

Where deed expressly retains the vendor's lien to secure the purchase money or the unpaid part thereof, the contract is executory, and the vendor retains the superior title upon which he may recover upon purchaser's failure to pay.

4. VENDOR AND PURCHASER ⨂58—CONDITIONS — NONCOMPLIANCE — COVENANT TO BUILD—RELEASE OF LIEN.

Where grantee as part of purchase price agreed to build, and simultaneously with execution of deed grantor agreed to furnish release of lien to land upon grantee's demand, such release was a condition precedent to grantee's covenant to build, and upon failure to furnish release grantor was not entitled to land notwithstanding grantee's failure to build.

5. APPEAL AND ERROR ⨂854(1) — AFFIRMANCE OF JUDGMENT—GROUNDS.

Judgment will be sustained if correct for any reason, regardless of ground upon which trial court based judgment.

6. VENDOR AND PURCHASER ⨂78 — TIME ESSENCE OF CONTRACT.

Where deed provided that grantee should begin construction within certain period, time was not of the essence of the contract to build, where written agreement was executed simultaneously with deed, wherein grantor agreed to furnish grantee release to lien on land, and it was mutually understood that grantee would be required to borrow money on land in order to build; the furnishing of release being a condition precedent to grantee's covenant to build.

Appeal from District Court, McLennan County; E. J. Clark, Judge.

Action by the Waco Development Company against Frank McNeese. Judgment for defendant, and plaintiff appeals. Affirmed.

G. W. Barcus, of Waco, for appellant.

### Findings of Fact.

JENKINS, J. On February 28, 1913, appellant was the owner of the Belle Meade addition to the city of Waco, consisting of about 250 lots. On that day appellant executed to appellee the following deed:

"The State of Texas, County of McLennan.

"Know all men by these presents: That the Waco Development Company, a corporation, under the laws of the state of Texas, acting by and through its president, O. H. Cross, of the county of McLennan and state of Texas, for and in consideration of the sum of thirty-three hundred and 0/100 dollars, to it paid by Frank P. McNeese, the receipt of which is hereby acknowledged, and the further consideration of the agreement on the part of grantee herein to construct upon the hereinafter described property, five houses, three of which shall contain not less than four rooms, and two of which shall contain not less than five rooms, construction to begin upon said houses within ten days from date hereof, have granted, sold and conveyed, and by these presents do grant, sell and convey unto the said Frank P. McNeese, of the county of Hill, state of Texas, all those certain lots or parcels of land situate, lying and being in McLennan county, Texas, and being lots three (3), four (4), and nine (9), block seventeen (17), and lots nine (9), ten (10), and eleven (11), block twenty-eight (28), and lots five (5) and ten (10), block twenty-nine (29), and lots eight (8) and nine (9), block thirty (30), all of the Belle Meade Court addition to the city of Waco, as per duly recorded plat of said addition in the McLennan county deed records.

"Grantees assume the taxes for the year 1913.

"This deed is executed by the undersigned officer by virtue of the authority vested in him at a meeting of the board of directors authorizing the execution of this deed.

"To have and to hold the above-described premises, together with all and singular the rights and appurtenances thereto in any wise belonging, unto the said Frank P. McNeese, his heirs and assigns forever; and it does hereby bind itself, its successors and assigns to warrant and forever defend all and singular the said premises unto the said Frank P. McNeese, his heirs and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof.

"But it is expressly agreed and stipulated that the vendor's lien is retained against the above-described property, premises and improvements until the covenants hereinbefore set forth have been fully complied with, when this deed shall become absolute.

"Witness its hand and seal at Waco this 28th day of February, A. D. 1913. Waco Development Company, by O. H. Cross, Pres."

At the time this deed was executed there was a blanket vendor's lien against said addition for about $5,000, of which appellee had no knowledge. Said deed was not delivered to appellee until March 5, 1913. Prior to that time, appellee had attempted to borrow money with which to erect the houses mentioned, and in this way had learned of the lien against said addition. On the last-mentioned date the appellant executed and delivered to appellee, together with said deed, the following instrument:

---

⨂For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error denied February 5, 1919.

"The State of Texas, County of McLennan.

"Whereas, the Waco Development Company, a corporation chartered under the laws of the state of Texas, of Waco, Texas, has sold to Frank P. McNeese of Hubbard, Hill county, Texas, certain lots in Belle Meade addition to the city of Waco, said lots being Nos. three (3), four (4), five (5), and nine (9), in block seventeen (17), lots nine (9), ten (10), and eleven (11), in block twenty-eight, lots five (5), and ten (10), in block twenty-nine (29), and lots eight and nine (8 & 9) in block thirty (30); and

"Whereas, there are certain liens existing against said lots held and owned by the said T. E. Daniel of Waco, Texas, and the said McNeese desires releases covering said lots so purchased as he shall need them:

"Therefore, know all men by these presents that in consideration of the premises, the said Waco Development Company, acting through its vice president, J. R. Woodward, agrees and binds itself and its successors to furnish to the said Frank P. McNeese releases to any of said lots so purchased by him as aforesaid, whenever he shall resell the same or make demand for said releases.

"Witness the hand of the Waco Development Company, by and through its vice president, attested by the seal and signature of acting secretary, this fifth (5th) day of March, A. D. 1913. Waco Development Company, by J. R. Woodward, Vice President."

It was the purpose of appellee in purchasing said lots to borrow money thereon from a building and loan association, with which to erect the houses on said lots as mentioned in the deed. At the time of the execution of the agreement of March 5, 1913, above set out, and the delivery of said deed, the appellant, through its secretary and treasurer, Mr. F. C. Street, requested appellee not to ask for releases on all of the lots at one time.

On May 4, 1914, appellee's attorney wrote to appellant the following letter:

"Waco, Texas, May 4, 1914.

"The Waco Development Co., Waco, Texas: In order that Mr. Frank McNeese may build the five houses on the lots purchased from you in the Belle Meade addition as described in deed from you to him, of date Feb. 28, 1913, we request, as he has often done before, that you at once furnish Mr. McNeese a release from the incumbrance held or formerly held by T. E. McDaniel, and let Mr. McNeese have this property clear of incumbrance as per original agreement and oblige, yours respectfully."

A short time prior to this, perhaps the preceding day, appellee's attorney had made a verbal demand on appellant to release the lien of said lots, stating that if it would do so appellee would build the house as specified in said deed. Appellant replied to said letter of May 4, 1914, declining to obtain a release of the lien on said lots, unless appellee would execute to it a bond in the sum of $2,000, conditioned that he

209 S.W.—30

would at once build said houses. This appellee declined to do. Prior to this time, to wit, on July 29, 1913, the appellant wrote appellee the following letter:

"July 29, 1913.

"Mr. Frank McNeese, Hubbard, Texas—Dear Sir: Your letter of the 20th to hand and is before us for reply, and we must say that we are very much surprised at the tone of your letter. We agreed with you as to the construction of these houses and would not have traded under any other conditions. This agreement was expressed in the original contract and in the deed by which the lots were conveyed to you.

"We gave you the written obligation of the Waco Development Company to procure release from any lot which you might sell or upon which you should desire to construct a house. From that time to this you have never at any time requested a release and consequently none has been given. We stand ready to carry out to the letter this contract and shall expect you to do likewise.

"The notes against the Ft. Worth land will be due about the first of January, but we are expecting to take them up sooner, but we do not care to do this before you have carried out your agreement in reference to the construction of houses on the five lots as called for, and we would like to ask that you at once make arrangements for the construction of these houses. Advise us as to the lots upon which the houses are to be constructed and we will procure releases thereon as provided by our contract.

"Awaiting your early reply, we remain, yours very truly, The Waco Development Co., by _____."

Appellee paid the $3,300 mentioned in the deed to him by executing a deed to appellant in his equity in the Ft. Worth land referred to in said letter.

Appellee's letter of July 20th above referred to is not in the record, and there is no proof of its contents. The testimony of appellee in reference to this letter is as follows:

"The letter of the 29th inst. from the Waco Development Company was in reply to a letter I had written Mr. Street. I did not reply to his letter of July 29th or make any demand on Mr. Street for a release. I had made, through my agent, several demands, and they had never been granted."

On July 17, 1913, Mr. Street had written to appellee calling his attention to the provision in the deed in reference to building, and stating, "we hope that you will see fit at once to begin operations along this line."

The appellant brought suit in the form of trespass to try title, and upon trial before the court, judgment was rendered for appellee.

## Opinion.

[1-3] Recovery for failure to comply with conditions subsequent is not favored in

law. 8 R. C. L. pp. 1104, 1109. Where such right is clearly reserved in the deed, or appears from necessary intendment, recovery may be had upon the failure to comply with such condition. Johnston v. McDonnell, 37 Tex. 595; Jeffery v. Graham, 61 Tex. 481; Improvement Co. v. Dawson, 5 Tex. Civ. App. 487, 24 S. W. 576; MaGinnis v. Ice Co., 112 Wis. 385, 88 N. W. 300, 09 L. R. A. 833. The deed to appellee contains no clause of defeasance. However, it is the well-settled law of this state that where the deed expressly retains the vendor's lien to secure the purchase money, or the unpaid part thereof, the contract is executory, and the vendor retains the superior title, upon which he may recover upon failure to pay. No decision involving facts similar to the instant case has been called to our attention, and we know of none. It was said in Cassaday v. Frankland, 55 Tex. 460, that the doctrine of the superior title remaining in the vendor is one not to be extended. As bearing upon this point, see, also, Carey v. Starr, 93 Tex. 508, 56 S. W. 324.

[4] However, if the covenant to build be treated as part of the purchase price, we are of the opinion the trial court rendered the proper judgment herein for the reason that appellant breached the contract by refusing to obtain a release of the lien upon the lots when demand was made for same by appellee. Stillman v. Canales, 25 Tex. 316, 78 Am. Dec. 530.

[5] No findings of fact or conclusions of law were filed, and no brief for appellee has been filed herein, and hence we are not advised upon what ground the learned trial court based its judgment. But if such judgment is correct for any reason, it is our duty to sustain the same.

[6] We do not think that time was of the essence of the contract to build, and it was not so considered by appellant, as is evidenced by its request to appellee in its letter of July 29, 1913, to proceed with the building. No time was limited in the agreement of March 5, 1913, to furnish release of the lien upon demand of appellee. As the agreement of March 5, 1913, was executed at the time the deed was delivered, it must be treated as a part of such deed. In view of the fact that it was contemplated by all parties that appellee would borrow the money with' which to erect the houses, the release of the lien on said lots becomes a condition precedent to appellee's covenant to build, and, appellant having refused to comply with such condition, recovery was rightfully denied.

For the reason that appellant failed to comply with its agreement to obtain a release of the lien upon the lots in controversy, when the same was demanded by the appellee, the judgment of the trial court is affirmed.