## FRIENDSHIP BAPTIST DIST. ASS'N v. JOHNSON et al.

### No. 15137.

Court of Civil Appeals of Texas.
Fort Worth.
May 12, 1950.

Rehearing Denied June 9, 1950.

W. J. Durham, of Dallas, for appellant.

R. V. Nichols, of Fort Worth, for appellee.

SPEER, Justice.

This controversy arose out of claims by each of two branches of a colored Baptist church, involving the title to a church house and the described lot on which it stands in the City of Fort Worth.

Appellee Mount Calvary Baptist Church, an unincorporated religious association, sued appellant Friendship Baptist District Association, a corporation, in trespass to try title for title and possession of the property. Appellant replied with not guilty and a cross action in the same form for title and possession, asserting title by reason of a deed from the trustees of appellee in 1922, and pleas of estoppel against appellee to resist the effect of such deed, and the further plea that appellee's use and possession is and has been for many years by virtue of the consent and permission of appellant. Appellee answered the cross action with not guilty and allegations of the invalidity of the purported deed of 1922, and further plead the three, five, ten and twenty-five years statutes of limitation.

Trial was to the court, resulting in a judgment for appellee, hence this appeal. No findings of fact and conclusions of law were requested and none were filed. The judgment is in short form and contains no fact findings.

Appellant relies upon five points of error which challenge the judgment and they are in effect that (1) the judgment has no evidence to support it; (2) the court did not give effect to appellant's plea of estoppel on account of the deed of 1922; (3)

the court held that appellee was not presumed to have made the conveyance through its trustees in 1922; (4) the court held appellee could recover the improvements placed on the lot after the recordation of appellant's deed in 1931; and (5) the court awarded title to appellee under limitation without evidence to support it.

There is a stipulation that Mrs. M. A. Spoonts, a feme sole, was the common source of title. Much of the testimony before us is not very definite in many respects, while other parts are uncontradicted and yet many of the controlling facts are highly controverted.

Those facts shown without contradiction may be said to be that appellee is an organized Baptist church, organized more than five years prior to 1922; the policies and practices of appellee were to transact its business affairs solely in business sessions held by its membership called for that purpose and controlled by a majority vote of its qualified members; that deacons and other officers so elected could only do and perform such things in connection with appellee's property as were specially authorized by the congregation in business session; in 1922 there were six deacons who had previously been duly elected; at sometime prior to 1922 the church executed to Mrs. Spoonts two notes for $116 each; in 1922 three named deacons, acting in the capacity of trustees, executed a deed to the property to appellant, reciting a consideration of $140 in cash and the assumption of the two small notes to Mrs. Spoonts. Appellant delivered to the deacons sufficient money to pay the notes and when Mrs. Spoonts was paid she gave appellee a deed to the property in 1923. At that time there was a small one room house on the premises in which the congregation worshiped and later (dates not shown) the church began to add to the house at intervals until at the time of trial the improvements amounted to perhaps $5,000. Appellee had no actual knowledge of the 1922 deed until 1944 but it had constructive notice after the deed was recorded in 1931, and a portion of the improvements was made after 1931. Appellee at all times carried insurance on the building and ap-

pellant carried none. Only one of those who executed the deed in 1922 was available at the trial and he said that he and the other two grantors were trustees of the appellee church at that time.

It is further undisputed that appellant is an organized religious corporation under and ancillary to "A Missionary and Educational Convention" of the Baptist Denomination, and that its functions were said by its witness to be, among other things, to help small groups organize churches for worship in the Baptist faith and doctrine; that it maintained a "revolving fund" for that purpose. It should be said, however, that appellant's charter was not in evidence and we cannot know what functions it was authorized to perform nor does it appear from what source its revolving fund came nor how or when it revolved.

The testimony on many other material matters was very conflicting, such as whether the appellee church had any legal or equitable interest in the property in 1922; whether the church prior to 1922 ever held a business session and voted an instruction to its trustees or any other board or party to sell or otherwise dispose of or encumber the church's interest in the property, if it had any interest, or ever thereafter held a session at which such purported sale was ratified; whether the appellee had any knowledge, actual, constructive or otherwise, of such deed to appellant prior to the recordation of the deed in 1931; and whether appellee held, used and occupied the premises during the long period of years under a permission or privilege granted by appellant, or whether appellee used, occupied and claimed the premises in fee simple, putting it to all such uses to which it was adaptable, making valuable improvements thereon with full knowledge and consent of appellant under a claim of ownership as against appellant and the rest of the world.

■ Viewing this record as a whole, the proper determination of the rights of the parties was controlled by the universally recognized rule of law in this state that the trier of the controlling facts had the duty and responsibility of weighing the tes-

timony and giving the respective witnesses such credibility as he thought justified under all the circumstances, and when done, even if we might have decided differently, unless his findings are clearly wrong, we may not substitute our own for his findings. It is unnecessary to cite authorities to sustain the announced rule.

■ There is more than one theory presented in this case by the record under which the court could have reached the final conclusions evidenced by the judgment. It was unnecessary for the court to base his judgment on all theories presented but it will be sustained, if correct, based upon any theory made by the pleadings and testimony. Waco Development Co. v. McNeese, Tex.Civ.App., 209 S.W. 464, writ refused; Rio Bravo Oil Co. v. Staley Oil Co., 138 Tex. 198, 158 S.W.2d 293.

■ The effect of the judgment as entered was that the deed to appellant in 1922 by those purporting to act as trustees for appellee passed no title. If that deed was void as to appellee for lack of authority to act by those who executed it, as contended by appellee and upon which issue there was competent testimony to support appellee's contentions, although contradicted by other testimony, appellant had no claim or right of any character to the property, and issues of estoppel, after-acquired title, and limitation thereafter became immaterial to appellee's right of recovery. In the absence of separate fact findings, as in this case, all conflicts in the testimony will be presumed to have been resolved by the court in such manner as to support the judgment entered. Rolison v. Puckett, 145 Tex. 366, 198 S.W.2d 74; North East Texas Motor Lines, Inc. v. Dickson, Tex.Sup., 219 S.W.2d 795.

■ In determining if the implied findings of the trial court have support in the testimony, as challenged by appellant, it is our duty to consider only the testimony in the light most favorable to the findings and disregard all to the contrary. O'Ferral v. Coolidge, Tex.Sup., 228 S.W.2d 146. In applying this rule, we conclude that the evidence sustains the implied findings of the trial court. This disposes of appellant's

point of error which challenges the judgment because it is without evidence to support it.

In the 1922 deed to appellant three persons, shown by the testimony to be members of the board of deacons of appellee church, executed the deed as "trustees" of appellee. There is nothing in the record to disclose the functions of either a deacon or a trustee. Nor does the record reflect that either the deacons or trustees of appellee had a record or other form of title in trust for appellee at any time prior to 1923; and, as above mentioned, there was testimony that the church membership had never officially authorized any board or group to convey the property.

In the case of Crenshaw v. Muse, Tex. Civ.App., 118 S.W.2d 631, a Baptist controversy arose over property rights and the facts before the court were similar to those before us. In discussing the rules governing Baptist churches, it was held that each Baptist church constituted an independent organization and its internal affairs were controlled by a majority vote of its qualified members at regular or called business sessions.

If we were to treat those who executed the 1922 deed as trustees, as they purported to act, the rules and regulations of appellee church would limit their status to that of a mere holding body who could only hold title for a beneficiary and in a broad sense would be deemed only passive trustees, with no power of disposition of the trust property without legal authority from such membership emanating from a business session held to determine that question. Moreover, it has been held that no less than the whole number of such "passive trustees" may act and bind the principal beneficiary without special authority to that effect given by the beneficiary. Humphries v. Wiley, Tex.Civ.App., 76 S. W.2d 793, writ dismissed. We further note that the deed of 1922 contained no recitation of authority from appellee by resolution or otherwise authorizing those who assumed to act in conveying property of one Baptist organization to another such organization when the grantee could have been

fairly presumed to know the law of the church in such matters.

Believing as we do that there was sufficient evidence to support appellee's theory of title under its deed from the common source and that the conveyance by those who purported to act for appellee in 1922 was ineffective and therefore passed no title to appellant, appellee was not estopped by that deed to assert title. In such circumstances appellee's claim of title by limitation became immaterial. These are the issues raised in the points of assigned error and are all overruled. There being sufficient evidence to support the judgment entered, it should be and it is affirmed.