### HUGHES et al. v. TRIMBLE et al.
### No. 12484.

Court of Civil Appeals of Texas. Galveston.
Jan. 8, 1953.

Rehearing Denied Feb. 5, 1953.

421

R. O. Kenley, of Houston, for appellants.

Roane & Pollan and Ted Schulz, of Rosenberg, for appellees.

MONTEITH, Chief Justice.

This action was brought by Idella Lawson Hughes and her husband, Willie Hughes, for the recovery from appellees of the title to 39⅖ acres of land out of the W. T. Neill ¼ League Survey in Fort Bend County, Texas. The action was brought under two specific counts. Under their first count they alleged that the deed from James H. Lawson and his wife, conveying the land in controversy, to Amanda Lawson and Paralee Trimble was executed in trust for the sole purpose of securing the grantees in the deed in the repayment of moneys advanced to the grantors by them. Under the second count appellants brought an action in trespass to try title for the recovery of the land in controversy. In a trial before the court without a jury, judgment was rendered that plaintiffs take nothing by their suit.

At the request of appellants, the court prepared and caused to be filed his findings of fact and conclusions of law. He found that the 39⅖ acres of land involved in the suit was the separate estate of James H. Lawson; that on June 24, 1935, James H. Lawson, joined by his then wife, Idella Lawson, conveyed the land in question to Amanda Lawson and Paralee Trimble by an absolute deed of conveyance; that appellants had failed to prove any definite agreement by appellees to reconvey the property to appellants and that the evidence introduced in the trial was insufficient to establish a trust. The court further found that appellants had failed to prove a chain of title under their trespass to try title suit.

The trial court concluded as a matter of law that plaintiffs' allegations as to tender were insufficient to amount to an actual or legal tender and that they were unenforcible under the Statute of Frauds. He concluded that the deed from James H. Lawson and wife, Idella Lawson, dated June 24, 1935, was an absolute deed, that appellants are bound by the deed and cannot escape its provisions.

It is the established rule in this State that, in determining whether the evidence in the record supports the findings of the trial court, credence must be given only to the evidence and circumstances favorable to the findings and that all evidence and circumstances to the contrary must be disregarded; the findings of the trial court, where there is no jury, will not be disturbed on appeal where there is some evidence of probative force to support the findings, even though the evidence is conflicting and the Court of Civil Appeals might have reached a different conclusion; a trial court's findings will be upheld unless they are manifestly erroneous and they will be overruled only when they are without any evidence of probative force to support them or where they are so against the great weight and preponderance of the evidence as to be manifestly wrong. Ful-

ford v. Heath, Tex.Civ.App., 212 S.W.2d 649; Boston Ins. Co. v. Rainwater, Tex. Civ.App., 197 S.W.2d 118.

We have carefully considered the evidence on which the trial court based his findings and conclusions and have found no reversible error.

It follows from the above conclusions that the judgment of the trial court must be in all things affirmed.

CODY, J., not sitting.