**MINCHEN v. AMENT.**

No. 3070.

Court of Civil Appeals of Texas.

Eastland.

March 12, 1954.

Rehearing Denied April 9, 1954.

Swearingen & Bledsoe, Marfa, for appellant.

J. C. Epperson, Alpine, Morriss, Morriss, Boatwright & Lewis, San Antonio, for appellee.

LONG, Justice.

Maurice Minchen, a resident of Mexico City, Mexico, instituted this suit against Mae M. Ament, a resident of Brewster County, in trespass to try title to 23 different tracts of land in Brewster County (or seeking in the alternative) to impress a trust thereon in his favor. Minchen alleged that in 1940, he began the purchase of a large number of tracts of land located in Brewster County; that he employed Mrs. Ament as his attorney and agent to represent him; that at the termination of the relationship, Mrs. Ament held title to some of the lands involved and purchased the remainder with knowledge gained during the existence of a fiduciary relationship and that she now holds same contrary to such relationship and antagonistically to appellant. Minchen further alleged that, as to Survey 169, Block G4, H. E. & W. T. Ry. Co., he had expended a large sum of money in the erection of a rock dam thereon, believing that he owned the land because of having possession of same for more than ten years and having possession of the land for more than eight years before Mrs. Ament purchased it. As to such portion of the land involved, Minchen plead improvements in good faith and the ten-year statute of limitation. Mrs. Ament answered by plea of not guilty, general denial, plea of the statute of frauds and the statute requiring trusts to be in writing, plea of bona fide purchaser and cross-action for the title and possession of the land. The case originally proceeded to trial before a jury but the parties agreed that the jury might be discharged and all issues were submitted to the court. The court rendered judgment that Minchen take nothing by his suit for title and possession of the lands and awarded same to Mrs. Ament. The court severed that portion of Minchen's suit for damages for improvements on Survey 169 and ordered a separate trial thereon. From this judgment Minchen has appealed.

Both of the parties are attorneys at law. Appellant has a license to practice law in Texas but lives in Mexico City. Mrs. Ament is a practicing attorney in Brewster County, Texas. The record in this case is very voluminous and discloses that the parties had considerable business dealings together from 1940 to 1947.

Appellant purchased a number of tracts of land in Brewster County in an effort to establish a large ranch. Appellee represented him as his attorney in making these purchases. She was also his agent in carrying on his ranching business in that county. At times she loaned him money to meet current expenses of his operations. It is undisputed that the relationship of attorney and client existed between the parties for a number of years. On the trial, the parties stipulated that title to the lands involved was in appellee. However, such stipulation was made without prejudice to the issues between the parties as to the lands being held in trust by appellee.

Beginning in about 1947, appellee began to acquire different tracts of land, some of them in the neighborhood of the ranch owned by appellant. It is the contention of appellant that appellee is holding said land in trust for him. It is his contention that from knowledge gained by appellee during the time she was representing appellant as his attorney, she was able to obtain these different tracts of land.

The court filed no findings of fact and conclusions of law and none were requested. This being true, every reasonable inference from the evidence and any doubts as to the facts will be resolved in favor of

the judgment and the evidence must be viewed by us in the light most favorable to appellee. Hughes v. Trimble, Tex.Civ. App., 254 S.W.2d 420 (Writ Ref.) (NRE); Evans v. Rush, Tex.Civ.App., 254 S.W.2d 799.

▓▓ It is our duty to presume that the trial court found every fact which is supported by sufficient evidence in such manner as to support the judgment. Whitfield v. Gay, Tex.Civ.App., 253 S.W.2d 54. We believe appellant failed to establish that appellee was holding the land in trust for him or that he was entitled to have a trust imposed thereon. We believe the evidence is sufficient to support the implied finding of the trial court that the relationship of attorney and client existing between the parties had terminated prior to the purchase of the land by appellee and also the implied finding that Mrs. Ament did not make the purchases of the land with knowledge gained during such fiduciary relationship. The evidence is undisputed that Mrs. Ament paid for all of the land involved out of her own funds. There is evidence that she gained information as to the ownership of the land and the fact that it was for sale from sources not connected with her employment as attorney for appellant.

She was a practicing attorney in the county and familiar with the records in the county clerk's office and she also had the advice of an abstractor. Furthermore, the evidence is conclusive that the relationship of attorney and client had terminated at the time Mrs. Ament purchased the land involved. On March 9, 1947, Mr. Minchen wrote her as follows: "Kindly take note that neither you nor Rex are to purchase any more land or sign any contracts of lease or contracts affecting use or ownership without my prior written consent." On March 16, 1947, appellant wrote appellee as follows: "Unfortunately, I have had to change my plans and will not try to buy up any additional holdings down there." There is evidence that on the day appellee obtained the deeds to the first land, she wrote appellant advising him of the fact that she had purchased the land but that if

he wanted the land he could have it. Thereafter, appellant wrote appellee in reply to her offer: "I cannot take them up now. You should have submitted the owner's price and proposition to me first."

Appellee testified that she brought the tract of land out of Survey 27 in Block G–12; that thereafter she had a conversation with appellant and offered to let him have it; that on that occasion he told her that he did not want her to ever buy another tract of land for him unless she had specific instructions; that he told her: "You keep your little 20 acres if you want it."

There is ample evidence to support the finding that the relationship had terminated when appellee bought the land involved. It is true that there is evidence that appellee filed and tried three trespass to try title cases for appellant after she had purchased some of these lands but there is evidence she was not representing Mr. Minchen but that she was employed by M. L. Hopson who had sold the land to Mr. Minchen and had agreed to clear the title and, in carrying out his agreement, he obtained the services of appellee in securing the judgments in these cases. Appellant never at any time claimed any interest in these lands until appellee had entered into a contract for the sale of same and was compelled to institute a suit to clear the title. At that time appellant intervened, setting up his claim thereto.

▓▓ We believe under the facts appellant failed to show that appellee was holding the land in trust for him. Mrs. Ament had the right to purchase the lands for herself after the termination of her relationship with Mr. Minchen if she did not breach any confidence and did not use confidential information obtained during such relationship in buying the land. The rule is correctly stated in 7 C.J.S., Attorney and Client, § 126–c, p. 963:

"So long, however, as there is no breach of confidence or use of information or knowledge previously acquired in his professional relations, and no un-

fair advantage is taken of the client, the termination of the relationship of attorney and client leaves the attorney. free to acquire or purchase property previously belonging to the client or an adverse title, interest, or claim. Hence the courts in many instances have sustained an attorney's purchase of a former client's property at a judicial or tax sale, or his purchase of outstanding claims against his former client; and an attorney may, after the relationship has terminated, buy the title to property with reference to which he was previously consulted by the client where the client refused to buy the property after receiving correct advice and the attorney's purchase is not the result of confidential knowledge previously acquired."

The record sustains the finding that appellee acted in good faith in buying the land involved. Immediately after she purchased the first tracts she offered to convey them to appellant for exactly what the land had cost her. Appellant refused this offer and instructed her not to buy any more land for him. All the implied findings of the trial court necessary to support the judgment have sufficient evidence to sustain them.

By other points appellant asserts the trial court erred in severing the portion of the case relating to improvements on Survey No. 169. We find no merit in this contention. Appellant sought to recover damages for a concrete and rock dam which he alleged he constructed on said Survey. The court found that there was not sufficient evidence to enable the court to determine the geographical location of said dam. The record bears out this finding. This being true, the court could have entered judgment against appellant on his claim for damages. However, in an effort to give appellant another chance to establish, if he can, the location of the dam and his damages, if any, in connection therewith, the court severed this portion of the case for trial at a future date. Appellee makes no complaint of this action of the court. Appellant should not be heard to complain because he has not shown any injury. On the contrary, his rights have been amply protected by the careful trial court. We find no merit in any points presented and they are accordingly overruled.

The judgment is affirmed.