## MAGANA et al. v. CHEVERERE.

### No. 12730.

Court of Civil Appeals of Texas.

Galveston.

June 10, 1954.

William H. Kugle, Jr., Galveston, for appellants.

Armstrong, Bedford & Lambdin, Galveston (Fine G. Bedford, Galveston, of counsel), for appellee.

GRAVES, Justice.

This is a suit in trespass-to-try-title—the traditional conflict between the record title holder and the limitation claimant. Appellants here, are the heirs of I. Magana, who took record title to the property in question in 1927. Appellee here is R. O. Cheverere, the limitation claimant.

The case was tried before the court. At the conclusion of appellee's evidence in support of his limitation claim, appellants moved for judgment, which was denied. Appellants renewed their motion at the conclusion of the trial, and it was again denied.

The court entered judgment for the limitation claimant, finding as facts the component elements of a limitation title in him under the ten year statute.

The court found as a conclusion of law, however, that appellants had record title to the land.

Appellants' Points-of-Error upon the appeal are these:

First. The court erred in overruling appellants' motion for judgment, in that, by his own testimony, the appellee admitted that his intention to hold the land as his own was not conceived, or formulated, until after his entry; and he failed to show any acts, or declaration, repudiating the owner's title.

Second. The court erred in overruling appellants' motion for judgment, in that the payment of taxes by claimant in the name of the record title holder constituted recognition of the owner's title.

Third to Seventh Points, Inclusive. The trial court's findings of fact Nos. 6, 8, 11, 12, and 17, are each and all against the overwhelming weight of the evidence.

The trial court's findings so challenged were, in substantial substance, these:

"6. January 16, 1930, when all the land and improvements located thereon * * * were unoccupied and vacant, the defendant * * * and his wife moved upon and took actual and exclusive possession of said land and improvements without the knowledge, consent or permission, either express or implied, of the then record owner, or any other person or persons, and commenced cultivating, using and enjoying said property as their family residence."

*        *        *        *        *        *

"8. During * * * 1931, defendant * * * commenced to claim and thereafter continued continuously to the time of the filing of this suit on November 28, 1947, and thereafter to the date of this trial, to claim and did claim

openly, notoriously, unequivocally, and adversely, said land and improvements thereon as his own and to hold it for himself against the entire world."

*        *        *        *        *        *

"11. At no time prior to or during the defendant's * * * possession, use and claim of said land and improvements as his own from 1931 to the time of the filing of this suit by plaintiffs * * * on November 28, 1947, did the defendant * * * acknowledge or admit to any person or persons that he was not claiming adversely said land and improvements thereon.

"12. At no time prior to or during the defendant's * * * possession, use and claim of said land and the improvements did defendant recognize or admit that the plaintiffs * * *, or any other persons or persons were the owners of the title to said land and improvements."

*        *        *        *        *        *

"17. I find as a fact that the defendant * * * R. O. Cheverere, has had and held open, adverse, peaceable, continuous and exclusive possession of all of said land and improvements situated thereon and described in plaintiffs' original petition and cross-plaintiff's cross-action, cultivating, using and enjoying the same for a period of more than ten years prior to the commencement of this suit."

Appellants have thus grounded the controlling questions of their appeal upon the assertion that this Court should exercise its exclusive authority to declare a finding of the court below upon a matter of fact so against the overwhelming weight of the evidence as to be clearly wrong, by urging that it so declare each of the five quoted issues.

It is concluded that the record so made will not support such a contention as to any one of these issues; but that, on the contrary, the testimony was such as to make a fact issue out of each and all of

them, under such authorities as these: Luhning v. Stewart, Tex.Civ.App., 103 S.W. 2d 184; Stewart v. Luhning, 134 Tex. 23, 131 S.W.2d 824.

■ In other words, the only way this Court could sustain appellants' position would be for it to throw out the window the entire body of the testimony upon which the trial court based its findings in favor of the appellee, and accept, instead, that offered by appellants as being all the record contained. Obviously no such authority exists in this Court.

While the last cited authorities declare the law to be the other way, appellants cite and rely upon, as being in their favor, this Court's opinion in Doherty v. Jensen, 174 S.W.2d 77, as modified by the Supreme Court's opinion therein in 143 Tex. 64, 183 S.W.2d 453. Appellants' reliance upon that declaration by this Court is ineffective for the reason that the pertinent parts of this Court's opinion therein, as related to the facts here, are expressly disapproved by the Supreme Court.

■ If, therefore, this appeal is predicated almost wholly upon the declarations of the law, as expressed in the two cited opinions in the Jensen-case, as appellants' brief recites, it would seem unnecessary to further discuss the law herein. The parties herein directly clashed in their testimony as to what preceded the occupancy of the property by the appellee all along the line from some time in 1931, at least, up until the filing of the suit in 1947, so that the trial court was directly compelled to choose between them; this it did specifically and completely upon all features, as shown in its recited findings.

Wherefore, in conclusion, since the quoted findings are thus binding in every respect upon this Court, and since it is unable to declare any of them clearly wrong, it has no duty other than to affirm the judgment. 3-B Tex.Jur., "Appeal and Error", § 939, page 449–50; Taylor v. Austin, Tex. Civ.App., 221 S.W.2d 933; Friendship Baptist Dist. Ass'n v. Johnson, Tex.Civ.App., 230 S.W.2d 598; Sawyer v. Bezner, Tex.

Civ.App., 204 S.W.2d 19; Dennis v. Pace Petroleum Co., Tex.Civ.App., 230 S.W.2d 585.

In accord with its recent declaration of the law in a comparable setting, in the case of Hughes v. Trimble, Tex.Civ.App., 254 S.W.2d 420, this judgment will be affirmed.

Affirmed.