**C. C. ROWLETT, Appellant,**

v.

**SUPERIOR INSURANCE COMPANY,**
**Appellee.**

**No. 3466.**

Court of Civil Appeals of Texas.

Eastland.

June 26, 1959.

Rehearing Denied July 17, 1959.

Mock & Spell, Wichita Falls, for appellant.

Walter E. Jordan, Fort Worth, for appellee.

COLLINGS, Justice.

This is a workmen's compensation case. C. C. Rowlett brought suit against Superior Insurance Company as an appeal from an award of the Industrial Accident Board. He sought to recover for alleged total and partial disability because of an injury received on May 26, 1958, while in the course of his employment with Austin Asphalt Company. The Superior Insurance Company answered and filed a motion for summary judgment on the theory of payment and acceptance of the award of the Industrial Accident Board and of accord and satisfaction. The plaintiff filed his sworn reply to the defendant's motion for summary judgment. He admitted that he had received and cashed the defendant's check in the sum of $102 purporting to be in payment of the award but alleged that he was unable to read and write and did not realize that the defendant insurance company was attempting to settle the case or to pay an award of the board; that he was informed by other people to whom he talked, and believed that the $102 check was merely in payment of compensation. In support of the defendant's motion for summary judgment and of the plaintiff's reply thereto each tendered exhibits in support of the facts alleged. In addition thereto, the testimony of the plaintiff C. C. Rowlett, as shown by a deposition, was introduced in evidence. The trial court, after hearing, granted the defendant's motion and entered summary judgment decreeing that the plaintiff take nothing. C. C. Rowlett has appealed.

It is shown by the record that on August 27, 1958, the Industrial Accident Board entered its final award ordering appellee insurance company to pay a total sum of $120, of which $102 was awarded to appellant Rowlett and $18 was awarded to appellant's attorneys. On August 28, 1958, the insurance company mailed directly to C. C. Rowlett its draft in the sum of $102 which he received on or about August 29, 1958, and also mailed a draft in the sum of $18 to the attorneys which was received by them on or about August 29, 1958. Immediately upon receipt of the $18 draft appellant's attorneys returned the draft to the insurance company with a letter stating that notice of appeal had been given and that the draft which had been mailed to appellant Rowlett would be returned. On August 29, 1958, the attorneys of appellant Rowlett by letter gave notice of intention to appeal from the final award of the Industrial Accident Board. Such notice was received and filed by the Board on September 1, 1958. After that time no further action was taken by the Board on the claim. Some time between August 29th and September 2, 1958, appellant C. C. Rowlett cashed the $102 draft which he had received from the insurance company and the draft was paid in Dallas on September 3, 1958. This suit was filed in the District

Court on September 5, 1958. Rowlett tendered the amount of $102 into court.

In appellant's first point it is contended that the court erred in entering summary judgment against him because there was no approval of any compromise or settlement of appellant's claim by either the Industrial Accident Board or a court of competent jurisdiction. In this connection appellant urges that the transaction here involved constitutes an attempted compromise and settlement of his claim. He urges that this is necessarily true because the acceptance of a greater, lesser or even the same amount as provided in the award of the Board involves a waiver, or surrender, of the claimant's right to appeal and therefore constitutes a compromise or settlement of the claim. Appellant urges that the only time that the payment of an award of the Industrial Accident Board without the express approval of the Board is permissible is after the time has expired for an appeal.

■ We cannot agree with appellant's contention that the transaction here involved is an attempted compromise or settlement of appellant's claim. The board made its final award on August 27, 1958, awarding appellant Rowlett $102. The insurance company tendered its check in the sum of $102 to appellant in payment of that award. Appellant cashed the check prior to the filing of his suit in the district court of Baylor County on September 5, 1959. We hold that this transaction was not an attempted compromise or settlement of appellant's claim which under the terms of Article 8307, Sec. 12, Vernon's Annotated Texas Civil Statutes required an approval of the Industrial Accident Board to make it valid. The transaction was an attempted payment of the award of the Board.

In appellant's second and third points it is urged that the granting of the summary judgment against the plaintiff was improper because there is no conclusive showing that there was a meeting of the minds on the question of accord and satisfaction, or that the $102 check was received by ap-

pellant with the knowledge that it was tendered in payment of the award. Appellant urges that to sustain the summary judgment there must be a conclusive showing of (1) a final award and (2) a payment of the award. He urges that the record shows there was a material issue of fact to be determined by the trier of the facts on the question of payment. We agree with this contention.

■ It is held that whether a transaction constitutes payment depends upon the intention of the parties. Greenwood v. Senter, Tex.CivApp., 44 S.W.2d 504, affirmed in part and reversed in part, Tex.Com. App., 61 S.W.2d 812. It is also held that payment does not occur unless money passes from the debtor to the creditor for the purpose of extinguishing the debt, and the creditor must receive it for the same purpose. Bailey v. Commissioner of Internal Revenue, 5 Cir., 103 F.2d 448. Also see Muldrow v. Texas Frozen Foods, Tex., 299 S.W.2d 275; Eberley v. First National Bank of Stanton, Tex.Civ.App., 272 S.W. 2d 532; Barcus v. J. I. Case Threshing Mach. Co., Tex.Civ.App., 197 S.W. 478. The burden of proof was on appellee insurance company to establish that it had made payment as it alleged. Matossy v. Frosh, 9 Tex. 610.

■ The record conclusively shows a final award of the Board on August 27, 1958. By the award appellant was to receive as his portion $102. It is conclusively shown that appellee insurance company tendered its check in the sum of $102 to appellant in payment of the final award. The only question is whether the record conclusively shows that Rowlett accepted the $102 check in payment of the award. Stated otherwise, does the fact that Rowlett cashed the check tendered to him in payment of the award conclusively show an acceptance by him of the award and of the payment thereof? We do not believe so in view of all the facts of the case. It was shown in appellant's deposition that he is an uneducated man and cannot read or

write, although he can write his signature and can recognize it. Appellant testified that at the time he received and cashed the $102 check he did not know what it was for; that he did not know it was tendered in the settlement of an award of the Industrial Accident Board; and did not intend by cashing the check to accept it in payment of an award of the Board. He testified that he did not know, at the time of or prior to the time of cashing the check, what the Industrial Accident Board had awarded him; that he thought the check was for weekly compensation which had not been paid him. He testified that upon receipt of the check he tried to contact his attorneys but was unable to do so; that he inquired of two people who could read and write and was told by them that the check was a compensation check. The record does not show conclusively that Rowlett accepted the $102 check in payment of the award. This testimony of appellant raises a fact issue on the question of whether he accepted the check as payment of the award. The court therefore erred in entering summary judgment.

The judgment is reversed and the cause is remanded.