Holland PAGE, Appellant,

v.

SUPERIOR STONE PRODUCTS, INC., dba
Transmix of Taylor, Appellee.

No. 11467.

Court of Civil Appeals of Texas.

Austin.

March 1, 1967.

Rehearing Denied March 22, 1967.

Kuykendall & Kuykendall, F. L. Kuykendall, Austin, for appellant.

McKay & Avery, Charlie D. Dye, Austin, for appellee.

O'QUINN, Justice.

Appellee Superior Stone Products, Inc., doing business as Transmix of Taylor, sued appellant Holland Page in district court for an unpaid balance on an account for concrete delivered to a highway paving job in Lee County. In trial before the court without benefit of a jury, judgment was entered for appellee against appellant for $2,582.87 with interest and $1,200.00 attorney's fees.

Appellant appeals contending that the account belonged to Phillips Paving Company, Inc., of which appellant was president, and not to him individually. The basis for appellee's suit is a writing in the form of a letter from Transmix of Taylor dated August 21, 1961, addressed to Holland Page setting out prices for concrete and gravel

for the Lee County job. The writing was accepted August 23, 1961, over the signature of Holland Page.

The writing of August 21, 1961, was prepared and signed by J. E. Motheral, president of Superior Stone Products and Transmix of Taylor, and presented by him personally to Holland Page at Page's office in Austin. Page and Motheral discussed and agreed upon changes in the gravel prices which Motheral noted in the writing and initialed on the margin. The writing was then accepted by Page who signed in a space provided at the bottom and dated his acceptance August 23, 1961.

The first paragraph of the writing read, "This is to confirm our agreement to furnish the following material for the above captioned project." The caption described the Lee County project on Highway FM 696. The last paragraph of the writing provided, "This agreement is made and entered into subject only to the award of the contract." The parties are in agreement that this reference is to award of contract by the State Highway Department on the Lee County job.

There is lack of agreement between the parties as to whether on August 23, 1961, when the writing was completed by acceptance, bids on the highway job had been opened and the low bidder was known. It is undisputed that Holland Page individually did not bid on the job, and that the contract was awarded August 28, 1961, to Phillips Paving Company, Inc., on a bid filed by Holland Page as president of Phillips. Page executed the formal contract with the Highway Department for Phillips and made its performance and payment bonds on the same date.

Motheral testified that he was told by his Taylor office that Page was low bidder on the Lee County job and then talked to Page by telephone before preparing the August 21 letter and taking it to Page's office for his acceptance. There is evidence that normally several days will elapse between opening of bids and award of the formal

contract on highway projects, the time between these events being consumed in tabulating bids and preparing written contracts and bond forms.

Holland Page testified that he considered the writing of August 21, 1961, a quotation by Motheral and not a contract for supply of materials; that when he accepted the writing August 23 bids had not been opened, so no one knew who would be low bidder; that after the bids were opened, about August 26 or 27, Motheral called Page by telephone and said he had learned Phillips was low bidder and Transmix of Taylor would like to supply Phillips with materials on the Lee County job; and that Page informed Motheral the Phillips superintendent would get in touch with Transmix about materials. Page also testified that all bills were submitted to Phillips, none to Page, and that all bills paid were paid by Phillips, none by Page.

Motheral testified that the first bill for materials was submitted to Holland Page who called Motheral by telephone and told him to send statements to Phillips Paving Company; that he asked Page who Phillips was and Page replied it was a small company that was going to do the work; that this was the first information Motheral had that Phillips had anything to do with the contract; that he complied with Page's request and sent all subsequent statements to Phillips.

Soon after completing the Lee County project, payments by Phillips to appellee ceased, leaving an unpaid balance for concrete and for gravel. Appellee filed a claim for the gravel account which was paid by the bonding company, but a claim for the concrete account, the subject of this case, was filed too late for payment.

Motheral prepared a promissory note for execution by Holland Page individually in the amount of the unpaid concrete account and presented it in person for signature. Page then advised Motheral that he regarded the account a debt of Phillips and not his own and refused to sign the note. Page

did agree to make a note for Phillips which Motheral prepared and returned to Page who signed it as president of Phillips. After the note matured a year later and was not paid, appellee brought this suit, tendering the promissory note through the district clerk, and suing on the original contract for material furnished.

Trial was before the court without a jury, and there are no findings of fact or conclusions of law. This Court has the duty to affirm the judgment if there is evidence to support it on any theory of the case, and to resolve every issue raised by the testimony in support of the judgment. 4 Tex.Jur.2d, Appeal and Error-Civil, sec. 747, and cases cited. The Court must resolve any doubts as to facts raised by the evidence in support of the judgment and must adopt any view of the law which the trial court could have applied under the pleadings and evidence to support the judgment. In other words, if there is any theory on which the Court can affirm the judgment, the Court has the duty to affirm. 4 Tex.Jur.2d, Appeal and Error-Civil, sec. 806, and cases cited.

The trial court had the duty and responsbility of weighing the testimony and giving the witnesses such credibility as the court deemed justified under all circumstances. Unless the trial court's findings are clearly wrong, this Court cannot substitute its findings for the judgment of the trial court, even if this Court might have decided differently. Friendship Baptist Dist. Assn. v. Johnson, Tex.Civ.App., Fort Worth, 230 S.W.2d 598 (writ ref., n. r. e.); Magana v. Cheverere, Tex.Civ.App., Galveston, 269 S.W.2d 934 (no writ).

Construction of the materials contract is the principal issue to be decided.

A reasonable interpretation must be applied to a contract, and the courts should adopt a construction that is just and fair to both parties according to the intention of the parties at the time they made the contract. Munger v. Waggoner, Tex.Civ.App., Amarillo, 260 S.W. 696 (writ.ref.); 17 Am. Jur.2d, Contracts, Sec. 252, p. 646.

The parties place opposing constructions on that provision of the materials contract making it "subject only to the award of the contract." They agree this refers to award of a contract by the Highway Department on the Lee County job. Appellant insists the reference must be limited to award of the contract to Holland Page individually, and contends that since the award was to Phillips, Page cannot be held under the materials contract.

Holland Page did not bid individually on the Lee County job and knew at the time he contracted with appellee for sand and gravel he would not bid on the project except for Phillips. If Page did not bid on the job, naturally he could not become eligible for "award of the contract" by the Highway Department. Under appellant's view of the condition in the materials contract, there was no possible way for Holland Page to carry out the materials contract made with appellee five days before the highway contract was awarded.

A contract will be construed to mean something, rather than nothing at all, and to have a meaning definite enough to show the parties intended their agreement to be mutually binding and effective. Portland Gasoline Co. v. Superior Marketing Co., 150 Tex. 533, 243 S.W.2d 823.

It is well-settled law in Texas that if there is some reasonable construction to render a contract valid and enforceable, the courts will not presume that the parties intended to call for an impossible condition precedent as a test of performance. On the contrary, a construction rendering performance possible will be adopted unless a different construction is wholly necessary. Portland Gasoline Co. v. Superior Marketing Co., supra; City of El Campo v. South Texas Nat. Bank, Tex.Civ.App., San Antonio, 200 S.W.2d 252 (writ ref.).

Appellant contends that the paragraph in the materials contract providing that the agreement was "subject only to the award on the contract" constituted a condition precedent to any personal liability on the part of Page and meant the condition was not met without award of the highway contract to Page. If this is correct, then Holland Page made a contract with appellee for material to be used on a job he never expected would be awarded him because he did not intend to bid on it. In fact, under evidence the trial court had a right to rely on to support the judgment, at the time Page was making a contract for material on the Lee County project, the time for submitting bids had passed and Phillips was known to be the apparent low bidder.

Under appellant's contention, it would have been impossible for the parties to perform the materials contract. This theory would place appellant in the position of making the contract knowing that the condition could not be met, since he did not intend to bid individually on the Lee County job. It is unreasonable to view the facts in such manner as to find that Holland Page contracted with appellee out of frivolous motives or with intent to work a fraud.

It is logical to assume that both parties entered into the contract with serious motives, one to sell material and the other to use it, and that the parties conditioned performance on award of a project contract under which Page could use appellee's material, which, as subsequent events showed, was used under terms of the materials contract.

Since it was known when the parties contracted for material that Phillips was the apparent low bidder, the only conditions under which the parties would be unable to perform would be either if, after tabulation of the bids, the apparent low bidder was not so in fact, or if the Highway Department should reject all bids and order another letting. It would not be unreasonable, under circumstances surrounding the making of the materials contract, that with Phillips the known low bidder, Page would have an outlet for whatever material he had obligated himself to buy from appellee, if the contract on the project was let at all.

■ If a contract is ambiguous, or susceptible of dual meanings, the construction given the contract by the parties and their actions under the contract, before any controversy arose as to its meaning, with knowledge of its terms, will be adopted and enforced by the courts when reasonable. E. H. Perry & Co. v. Langbehn, 113 Tex. 72, 252 S.W. 472; Young v. Fitts, Tex.Civ. App., Fort Worth, 183 S.W.2d 186 (writ ref., w. o. m.); Murchison v. Ballard, Tex. Civ.App., San Antonio, 178 S.W.2d 554 (writ ref., w. o. m.); Anchor Casualty Company v. Robertson Transport Company, Tex.Civ.App., Corpus Christi, 389 S.W.2d 135 (writ ref., n. r. e.); Danaho Refining Company v. Dietz, Tex.Civ.App., Corpus Christi, 398 S.W.2d 307 (writ ref., n. r. e.).

After the highway contract was awarded to Phillips, appellee supplied the job with material contracted for by appellant. Phillips ordered the material as needed on the job, accepted and used the material, and made payments periodically as billed, until final default in the amount sued for in this cause. Billing to Phillips by appellee was at the request of appellant who told appellee that Phillips was a little company that would do the work.

Appellant individually and Phillips shared the same office address, where billings were received and payments made. After the project was completed and default had been made, appellant for the first time told appellee he would not accept individual responsibility for the default. In the trial uncontroverted proof was made of procedures, customary in highway construction, under which suppliers of material often receive payments from one or more persons or companies not parties to the materials contract, and receive no payments directly from the person or company with whom the supplier made his contract.

It is elementary that a contract is made if it results in an agreement that manifests the mutual assent to one another of the person offering and the person accepting. The letter appellee wrote to Page dated August 21, 1961, considered an offer, became a contract when Page agreed to its terms, as amended and initialed by appellee, by accepting the offer in writing August 23. Acceptance was unequivocal and created a contract, subject only to award of the highway contract. The highway contract was awarded five days later, and the condition permitting performance was met. Thereafter performance was completed, except for the final default sued on in this cause.

We hold that the materials contract accepted August 23, 1961, by appellant was a binding obligation on appellant individually.

By the seventh assignment of error appellant attacks the judgment of the trial court on the ground that when appellee accepted the promissory note of Phillips, all prior and contemporaneous agreements between the parties merged into the note.

We overrule this assignment and hold that in the absence of clear showing that the parties intended the note as payment of the debt, the note did not constitute payment. Failure to pay the note when due placed appellee in a position to pursue its rights on the original materials contract with Page. Motheral testified that he accepted the Phillips note only "to keep the thing alive," after Page had refused to sign a note individually. These and other actions are consistent with the expressed intent. Mere execution and delivery of the note is not enough to show it was intended to be payment of the debt. Duncan v. United Mutual Fire Ins. Co., (Tex.Com. App., adopted by Sup.Ct.), 113 Tex. 305, 254 S.W. 1101. Also, in accord: Otto v. Halff, 89 Tex. 384, 34 S.W. 910; Powell v. American Casualty & Life Co., Tex.Civ. App., Dallas, 250 S.W.2d 744 (writ ref., n. r. e.).

Appellant in assignments eight and nine contends the trial court erred in allowing attorney's fees under Article 2226, Vernon's Ann.Civ.Sts., on the grounds (1) that the material was not sold and furnished to Page and (2) that appellee's suit is based on a special contract.

We overrule both assignments and hold the trial court properly entered judgment for attorney's fees under Article 2226.

The trial court, after hearing testimony on attorney's fees, awarded $750 for services to the end of trial and an additional $450 conditioned on an appeal. No question is raised as to reasonableness of the awards. No contention is made by appellant that demand for payment was not timely made, or that in other respects appellee failed to satisfy procedural requirements. Appellant's attack is limited to the basis for allowance of the fees under the statute.

Appellant's position is that appellee does not seek to recover on an open account, but upon a "special written contract," being the materials contract of August 23, 1961. In support of the contention that attorney's fees are not recoverable from transactions resting upon special contracts, appellant relies upon Meaders v. Biskamp, 159 Tex. 79, 316 S.W.2d 75 (1958), and Langdeau v. Bouknight, 162 Tex. 42, 344 S.W.2d 435 (1961).

In the *Meaders* case the Supreme Court held that a contract for drilling an oil well is not a sworn account and attorney's fees may not be recovered under Article 2226. In the *Langdeau* case attorney's fees were sought under the "sworn account" heading of Article 2226 and not under any other specific heading, such as "labor done" or "material furnished." The Supreme Court affirmed the Court of Civil Appeals and held that while attorney's fees could not be recovered under the heading of sworn accounts in a suit "resting upon special contracts," recovery might be had under a contract covering "other classifications set out in Art. 2226."

**666**

The Supreme Court pointed out in the *Langdeau* case that in Meaders v. Biskamp, supra, the Court's holding that a sworn account " 'does not mean transaction between parties resting upon special contract' was not a holding that recovery of attorney's fees under any other provision of Art. 2226 may not rest upon a contract basis. It was simply a holding that a recovery under the 'sworn account' provision cannot be had upon a special contract."

In the cause before this Court, appellee sued Holland Page pleading the contract of August 23, 1961, and further pleading that between November 8, 1961, and April 3, 1962, appellee supplied a total of 448.5 yards of ready mixed concrete of the total value of $8,861.08, of which the sum of $6,278.21 was paid, leaving a balance of $2,582.87 due and owing by Page under the written contract. Appellee also pleaded under provisions of Article 2226 reasonable attorney's fees of $850 in the trial court and $500 in connection with an appeal.

It is clear that appellee does not sue for attorney's fees under the sworn account classification of Article 2226. It is a suit on a contract for "material furnished," one of the classifications set out in Article 2226 under which attorney's fees may be awarded.

 An award of attorney's fees where the action is based upon a contract to furnish material is within the scope of Article 2226. Dueitt v. Barrow, Tex.Civ. App., Corpus Christi, 384 S.W.2d 214 (no writ). Ready mixed concrete supplied to a highway paving job as in this case is material furnished as contemplated under Article 2226. This Court in 1965 held that water furnished for irrigation of rice fields is material, and that attorney's fees may be awarded under Article 2226 in suit on a written contract to supply the water. Garwood Irrigation Co. v. Lower Colorado River Authority, Tex.Civ.App., Austin, 387 S.W.2d 746 (writ ref., n. r. e.).

Consistent with these principles are cases holding attorney's fees allowable under classifications, other than material furnished, named in Article 2226, such as labor done and services rendered. Danaho Refining Company v. Dietz, Tex.Civ.App., Corpus Christi, 398 S.W.2d 307 (writ ref., n. r. e.) ; H. B. Zachry Co. v. Ceco Steel Products Corp., Tex.Civ.App., Eastland, 404 S.W.2d 113 (no writ) ; Shirey v. Albright, Tex.Civ.App., Corpus Christi, 404 S.W.2d 152 (writ ref., n. r. e.).

We affirm the judgment of the trial court.

*Affirmed.*