In the Matter of Gus WOEHR, Debtor.

**TEXAS COMMERCE
BANK–ARLINGTON**

v.

**Gus WOEHR.**

**Civ. A. No. CA4–90–413–A.**

United States District Court,
N.D. Texas,
Fort Worth Division.

Dec. 12, 1990.

Richard W. Ward, Mark Curtis Taylor, Stephen L. Sapp, Liddell Sapp Zivley Hill & LaBoon, Dallas, Tex., for appellant.

Albert C. Ross, Ross, Arn, Hartley & Irion, Arlington, Tex., for appellees.

E. Bruce Ebert, Law Office of E. Bruce Ebert, Hurst, Tex., for trustee.

## MEMORANDUM OPINION
## AND ORDER

McBRYDE, District Judge.

This action comes before the court as an appeal from an adversary proceeding in the United States Bankruptcy Court, Northern District of Texas, Fort Worth Division, the Honorable Massie Tillman presiding.

Jurisdiction exists pursuant to 28 U.S.C. § 158(a).

### Memorandum Opinion

The appeal is from an order by which the bankruptcy court sustained the objection of appellee, Gus Woehr ("debtor"), to the claim of appellant, Texas Commerce Bank–Arlington ("bank").

### A. Undisputed Facts:

On December 11, 1987, debtor, Dan Boggus and Jon Matlack executed an unsecured promissory note ("the original note") payable to the order of bank. The original note was in the original principal amount of $46,000.00, bearing interest at the rate of prime plus two percent, and was due and payable on February 9, 1988. The makers, who were jointly and severally liable for payment, did not repay the original note on its maturity date, and the original note went into default. Bank then filed suit against the makers in the 342nd Judicial District Court of Tarrant County, Texas ("the state court proceeding") to recover the full amount owed on the note.

On April 15, 1988, Matlack and Boggus gave bank their deed of trust note, which was secured by real property in Tarrant County, Texas, in the amount of $29,756.90, bearing interest at the rate of ten percent per annum. It was due and payable April 15, 1989. The amount of the note was derived by taking sixty percent of the $46,000.00 original note and adding $1,140.49 for attorney's fees and expenses and adding $1,016.41 for interest charges. The sixty percent figure was chosen because the makers of the original note had agreed among themselves that Boggus and Matlack would each be liable for payment of only thirty percent of the amount due on the original note. The purpose of the April 1988 note transaction was to cause the liability of Matlack and Boggus to bank on the original note to be limited to the amount of the second note.

On April 29, 1988, a default judgment was rendered against debtor in the state court proceeding. The judgment was in the amount of $50,903.45, which was comprised of $46,808.51 (presumably the $46,000.00 principal amount of the original note and $808.51 accrued interest thereon), prejudgment interest in the amount of $1,094.94 and attorney's fees of $3,000.00. It was the final judgment in the state court proceeding.

### B. The Issues on Appeal and the Contested Findings of Fact and Conclusions of Law of the Bankruptcy Court:

Bank has defined the issues on appeal to be:

1. Whether the bankruptcy court erred in treating the execution of that certain promissory note of April 15, 1988, executed by Jon Matlack and Dan Boggus, as an actual tender and payment of the joint and several obligation of Gus Woehr pursuant to that certain promissory note of December 11, 1987.

2. Whether the bankruptcy court erred in finding that a modification and extension of a non-usurious underlying note constituted usury.

3. Whether the bankruptcy court erred in finding that TCB intended to contract for, charge or receive interest greater than the amount authorized by law by seeking and obtaining a default judgment against Woehr.

4. Whether the bankruptcy court erred in finding that TCB intended to contract for, charge or receive interest greater than the amount authorized by law by filing the Proof of Claim.

5. Whether the bankruptcy court erred in finding that the default judgment in favor of TCB against Woehr charged usurious interest.

6. Whether the bankruptcy court erred in finding that the Proof of Claim

filed by TCB against Woehr charged usurious interest.

Designation of the Contents of Record on Appeal and Statement of Issues, at pp. 2–3. Paragraphs 2, 4 and 6 of the designation of issues are inapposite because the bankruptcy court did not make any of the findings about which they complain. Thus, only the issues described in paragraphs 1, 3 and 5 will be considered. The findings and conclusions of the bankruptcy court pertinent to those issues are as follows:

1. Included by the bankruptcy court in its "Findings of Fact" are the following statements:

7. Also, on April 29, 1988, the date of entry of the Default Judgment in the State Court proceeding, the Debtor was entitled to a credit against the amounts recited in the State Court Judgment equal to the amount of the Deed Note dated April 15, 1988, in the amount of $29,756.90, executed and delivered to the Bank by Matlack and Boggus.

8. The failure to extend the $39,756.90 (sic) credit in the Default Judgment, to which Debtor was entitled, constitutes an interest charge by the Bank in excess of double the amount of interest allowed by the laws of the State of Texas and constituted "usury" as prohibited under Article 5069 of the Revised Civil Status (sic) of Texas.

Conformed and Amended Findings of Fact and Conclusions of Law, at p. 2.

2. The bankruptcy court included in its "Conclusions of Law" the following statements:

### I.

Based upon the pleadings and evidence presented herein, it is the conclusion of this Court that the April 15, 1988 Deed of Trust note executed by Matlack and Boggus has been clearly shown to represent an intentional partial payment of the sums due under the Original Note.

### II.

The inclusion of $29,756.90 for which Debtor was entitled to credit at the time of entry of the Default Judgment constitutes an interest charge, which is in excess of double the amount of interest allowed under the Revised Civil Status (sic) of Texas.

*Id.* at p. 3.

These are the key findings and conclusions of the bankruptcy court that led to its summary finding that the claim of bank is "false and usurious" and to the denial and cancellation of the claim for that reason. *Id.*, pp. 3–4; also see April 3, 1990, order.

Findings 7 and 8 appear to be conclusions of law rather than findings of fact. For the reasons given below, the court has determined that they are incorrect conclusions. To the extent they can be viewed to be findings of fact, the court has concluded that they are clearly erroneous.

Conclusion I appears to be a finding of fact rather than a conclusion of law. For the reasons given below, the court has determined that the finding is clearly erroneous. To the extent that I is a conclusion of law, the court has concluded that it is incorrect. The court has determined that Conclusion II is incorrect.

### C. *Standards of Review:*

■ Legal conclusions upon which the bankruptcy court's judgment are based are subject to *de novo* review. *In re Consolidated Bancshares, Inc.,* 785 F.2d 1249, 1252 (5th Cir.1986). Fact findings of the bankruptcy court, however, are binding on this court unless they are clearly erroneous. Bankr.R. 8013; *In re Braniff Airways, Inc.,* 783 F.2d 1283, 1287 (5th Cir. 1986).

### D. *Bank had no Obligation to Credit the Original Note with the Amount of the Second Note:*

■ Bank maintains that the execution of the new note by Boggus and Matlack did not constitute tender and payment of any sum owing on the original note and that, therefore, it had no obligation to credit the original note with the amount of the new note. The court agrees.

A "tender" is an unconditional offer of payment, in current coin of the realm, of a sum not less than the amount due on a debt or obligation. *Baucum v. Great American Insurance Co. of New York,* 370 S.W.2d 863, 866 (Tex.1963); *Arguelles v. Kaplan,* 736 S.W.2d 782, 784 (Tex.App.—Corpus Christi 1987, writ ref'd n.r.e.). The mere execution and delivery of a note is not enough to show it was intended to be payment of a debt. *Page v. Superior Stone Products, Inc.,* 412 S.W.2d 660, 665 (Tex. Civ.App.—Austin 1967, writ ref'd n.r.e.). In the absence of a clear showing that the parties intended that the second note be a part payment of the debt evidenced by the original note, the second note did not constitute a part payment. *See id.* at 665. Moreover, the acceptance by a creditor of a new note from one or more of several joint obligors bound on a note for a pre-existing debt is not payment therefor and does not release the other joint obligors. *Miller v. Miles,* 400 S.W.2d 4, 10 (Tex.Civ.App.—Tyler 1966, writ ref'd n.r.e.).

Payment does not occur unless money passes from debtor to the creditor for the purpose of extinguishing the debt, and the creditor must receive the money for the same purpose. *Rowlett v. Superior Insurance Co.,* 325 S.W.2d 921, 923 (Tex.Civ. App.—Eastland 1959, writ ref'd n.r.e.). The burden is on debtor to make a clear showing of intent to extinguish the debt. *Fillion v. David Silvers Co.,* 709 S.W.2d 240, 246–47 (Tex.App.—Houston [14th Dist] 1986, writ ref'd n.r.e.); *Page,* 412 S.W.2d at 665.

The only evidence in the record on this subject is to the effect that at no time did bank intend to discharge debtor's obligation pursuant to the original note. Bank's intent is expressed through the testimony of Daniel Charles Taft (sic) as follows:

Q. ... As part of the amount, of the principal amount of the deed of trust note that was executed by defendants Matlack and Boggus, was it ever the intent of the bank to limit the liability for the entire amount sued upon of Mr. Woehr?

A. No, sir.

Q. Were you, in fact, by having Mr. Matlack and Mr. Boggus execute this note, merely limiting the liability of Matlack and Boggus? Is that all you were doing?

A. That is correct.

....

Q. ... What was your intent, Mr. Taft, as to the amount of the deed of trust note in relation to the amount, the total amount, recovered?

A. We were under advisement that—by your firm, that we could pursue one of the makers for—we had one right of recovery in other words, that if we came to an agreement for the entire sum with Gus Woehr, we would discharge the note that we had just executed with Jon Matlack and Dan Boggus.

....

Q. As I said, when the default judgment was taken at that time, what was the bank's intention as far as any recovery was concerned?

A. We could, as I mentioned earlier, have one right to recover the entire amounts owed, which was the amount of the default judgment.

If we were to collect all the money from Gus Woehr, our lien on the property of Matlack and the note of Matlack and Boggus would be retired by that payment from Mr. Woehr.

In turn, what has happened is Jon Matlack has made some—has sold some property and reduced the amount of his note which has done the opposite effect—which has lowered the amount of our claim against Gus Woehr.

Transcript of Hearing on Objection to Claims held August 8, 1989, at p. 9, 1. 25 through p. 10, 1. 9; p. 10, 1. 19 through p. 11, 1. 3; and p. 12, 1. 23 through p. 13, 1. 11.

If there otherwise were any doubt about the intent of bank to engage in a usurious activity, the presumption that parties do not intend to engage in illegal conduct would come into play. As a Texas Court of Civil Appeals explained:

The appellant also had the burden of proving that the prior note was usurious. *Mays v. Pierce* [154 Tex. 487], 281 S.W.2d 79 (Tex.1955). In 58 Tex.Jur.2d *Usury* § 73 (1964), the rule is stated as follows:

> There is a presumption that a transaction that involves the payment of interest is legal and untainted with usury ... One who claims that a transaction is usurious has, therefore, the burden of establishing his contention.

*Amaya v. First State Bank of San Diego*, 570 S.W.2d 95, 96 (Tex.Civ.App.—San Antonio 1978, no writ). *See also Robertson v. Connecticut General Insurance Co.*, 134 Tex. 588, 137 S.W.2d 760 (1940). This presumption fortifies the conclusion that the parties did not intend the taking of the second note to be part payment of the original note. If there had been such an intent, presumably bank would have made an appropriate credit on the first note and would not have taken judgment for the full amount of the note. The fact of the matter is that no such doubt exists in the record of this case.

The circumstance that bank may have released Boggus and Matlack from liability on the original note, which is not clearly supported by the record, has no bearing on the liability of debtor. The makers of a promissory note are jointly and severally liable for the entire balance of the note upon default. *Dittberner v. Bell*, 558 S.W.2d 527, 534 (Tex.Civ.App.—Amarillo 1977, writ ref'd n.r.e.). The release of one co-maker of a joint obligation does not serve to release the remaining co-makers. *Hooper v. Ryan*, 581 S.W.2d 237, 238 (Tex. Civ.App.—Waco 1979, no writ).

Because the court finds that debtor was not released from liability on the original note by the execution of the new note, the court also finds that debtor's usury defense must necessarily fail. The only basis for that defense was the contention that the execution of the new note constituted part payment of the original note.

E. *Other Reasons why Debtor's Usury Contention is Unsound:*

■ Bank argues that debtor's claim of usury should have been barred by *res judi-*

*cata*, because usury would have been a compulsory counterclaim in the state court proceedings. Although the court agrees with bank's statement as to the law on *res judicata*, the facts of this case do not support the contention that debtor's usury claim was a compulsory counterclaim at the time the default judgment was rendered. There is no evidence in the record that debtor knew about the execution of the new note by Boggus and Matlack prior to entry of the default judgment in the state court proceeding. However, the fact that the alleged usurious charge was made by, or contained in, a judgment does not provide basis for a usury defense. Even if the award of the judgment included usurious interest, or was based on an obligation that was affected by usury, it could not form the basis for a claim of usury. A judgment on an obligation is conclusive even though the obligation was affected by usury, so that the usury is no bar to the enforcement of the judgment. *See* 47 C.J.S. *Interest and Usury; Consumer Credit* § 216. The court adds that the making of the judgment cannot be a charge by bank of usurious interest because the state court, and not bank, made the judgment.

Moreover, even if one were to assume, *arguendo*, that the amount of the second note should have been credited to the first note, the activity of bank to try to collect the full amount of the first note nevertheless would not constitute a usurious charge of interest.

■ As stated in *Steves Sash & Door Co. v. Ceco Corp.*, "principal" and "interest" are correlative terms and, by necessity, principal must be that amount that is used, forborne or detained and upon which interest is charged. 751 S.W.2d 473, 475 (Tex.1988). Here, the contention of debtor is not that a usurious rate of interest was charged by bank on the portion of the amount of the first note debtor admits he owes. Instead, the contention is that usury was charged when debtor was made liable by judgment for a principal amount debtor says he did not owe plus interest charged

on that principal amount at a legal rate. A demand for payment of a principal amount that is not owed, plus interest on that principal amount at a legal rate, is not a demand for compensation for the use, forbearance or detention of an amount that is owed. *See Tygrett v. University Gardens Home. Association,* 687 S.W.2d 481, 483 (Tex.App.—Dallas 1985, writ ref'd n.r.e.), for a discussion of the definitions of use, forbearance and detention.

Usury statutes are penal in nature and must be strictly construed. *Steves Sash & Door Co.,* 751 S.W.2d at 476. A holding that a charge for principal that is not owed by the chargee, together with interest thereon at a lawful rate, is usury would cause an unwarranted expansion of the definition of usury as set forth in the statutes and interpreted by Texas courts.

## ORDER

For the reasons given in the foregoing memorandum opinion, the court is of the definite and firm conviction that mistakes were made, that the legal conclusions of the bankruptcy court, as set forth on page 745 of the foregoing Memorandum Opinion, are incorrect, and that the findings of fact of the bankruptcy court, as set forth on such pages, are incorrect and clearly erroneous. *Anderson v. Bessemer City,* 470 U.S. 564, 573, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1983). Accordingly,

The court, therefore, ORDERS that the order of the bankruptcy court disallowing the amended claim of bank be, and is hereby, reversed and the amended claim of bank is allowed in its entirety.